FREDERICK E. RICE v. LONDON & NORTHWEST AMERICAN MORT-
GAGE COMPANY, Limited.[1]

November 10, 1897.

Nos. 10,733—(110).

**Accord and Satisfaction.**

>   An agreement to accept a less sum in satisfaction of a contingent or
> uncertain claim for a greater sum is not without consideration.

**Same—What Constitutes.**

>   It being supposed that the estate of the intestate was insolvent, a
> creditor (whose claim was reduced to judgment) accepted an amount less
> than his claim in full satisfaction thereof. *Held*, there was sufficient
> consideration for such accord and satisfaction, even though it turns out
> that the estate is not insolvent.

Henry W. Carter died intestate October 14, 1893, and respondent
was appointed his administrator by the probate court for Ramsey
county.  On November 8, 1893, appellant obtained in the district
court for that county the judgment mentioned in the opinion.  Ap-
pellant's claim against the estate having been allowed as stated in
the opinion, the administrator appealed to the district court.  From
an order of the district court, Otis, J., reversing the judgment of the
probate court, the mortgage company appealed.  Affirmed.

*William G. White*, for appellant.

*Horton & Denegre*, for respondent.

CANTY, J.

The intestate, Carter, was in his lifetime a member of the "Oak
View Syndicate," an association of individuals who owned some
land.  They sold a tract of land to a third party, and received his
note, secured by a mortgage, for a part of the purchase price.  They
sold this note and mortgage to the appellant mortgage company and
each of them indorsed this note as an individual.  Nearly a month
after the death of Carter appellant obtained judgment against him
and his associates for the sum of $2,035.68.  (Whether the action
was commenced in the lifetime of Carter does not appear.)  Pay-

[1] Reported in 72 N. W. 826.

ments were made on this judgment, presumably by the other members, until the balance remaining unpaid was $1,014.76, and thereafter, on March 3, 1894, a claim was filed in the probate court against Carter's estate for this balance. The time to file claims against said estate did not expire until the first Monday in June, 1894.

The court below finds that prior thereto, on May 22, 1894, the administrator of said estate paid to appellant

"The sum of $103.28, in full payment, accord and satisfaction of the aforesaid claim against the estate of said intestate, which sum was then and there received and accepted by said mortgage company, in full discharge, acquittance, and satisfaction thereof."

We are of the opinion that this finding is supported by the evidence and that there was sufficient consideration to support the agreement to pay and accept the $103.28 in full discharge of the claim against the estate. It is well settled that the payment of a lesser sum in satisfaction of a greater sum which is liquidated, and which the party making the payment is absolutely and unconditionally required to pay, is only a payment pro tanto, and not a sufficient consideration for the total satisfaction of the greater sum.

But, while this claim was liquidated, neither the administrator nor the estate which he represents was absolutely and unconditionally required to pay it. The estate might be insolvent, and from the admissions of the parties the estate appeared at the time to be insolvent, and the parties supposed that it was, although, on account of subsequent developments, it now appears that it was not. If the estate was insolvent, the appellant would have to exhaust its mortgage security before it could participate in the funds in the hands of the administrator (G. S. 1894, § 4529); and this would render its claim on those funds still more contingent and uncertain. There was at the time good reason to suppose that the estate was insolvent, and, if there was then a good consideration for the agreement of accord and satisfaction, such subsequent developments will not destroy that consideration. If appellant's claim on the funds in the hands of the administrator appeared at the time to be contingent and uncertain, there was sufficient consideration for its acceptance

of a less sum in satisfaction thereof, as it would have the latter sum absolutely and without any contingency or uncertainty.

The judgment appealed from is affirmed.