WARD, MURRAY AND COMPANY v. R. LEE YOUNG ET AL.

Decided October 18, 1905.

**Judgment—Compromise for Part Payment.**

A release of a judgment debtor from liability on payment of part of the judgment only is supported by sufficient consideration where the debtor, being insolvent, raises money to make the payment by sale of property exempt from execution.

Appeal from the District Court of San Saba County. Tried below before Hon. Clarence Martin.

*Leigh Burleson,* for appellants.—Payment of a less amount than is due operates only as a discharge of the amount paid, leaving the balance still due and this is so notwithstanding an agreement by the creditor to induce the debtor to make the payment, there being no new consideration paid. Cyc., vol. 1, pages 319-321 and authorities cited; Black on Judgments, sec. 989; Clark on Contracts, p. 189; Daniel on Neg. Inst., vol. 2, p. 309, sec. 1289 and cases cited; English and Am. Enc. of Laws, under Accord and Satisfaction, vol. 1, p. 413; Eng. and Am. Enc. of Laws, under Consideration, vol. 6, p. 754; Bowden v. Robertson, 4 Texas Civ. App., 626; Clifton v. Foster, 20 S. W., 1005; Lane v. Squires, 45 Texas, 385, and Yeary v. Smith, 45 Texas, 72; Legion of Honor v. Story, 7 Texas Ct. Rep., 521; Franklin Ins. Co. v. Villenuve, 60 S. W. R., 1014; Krueger v. Klinger, 10 Texas Civ. App., 579; Grocery Co. v. Noble, Texas Law Journal, vol. 5, p. 403.

*Walters & Hagan,* for appellee.—Payment of a less amount than is due on judgment under an agreement by the creditor to induce the debtor to make the payment that such debtor shall be released from further liability under the judgment, the debtor being insolvent and heavily involved, if such payment is made and accepted at different times, in partial payments and by negotiable drafts, upon deposits which are the proceeds of the sale of exempt property sold for the express purpose of meeting such agreed payments, the settlement is made under a new contract based upon an adequate consideration in law, and the creditor is bound by his agreement. Robbins v. Bank, 3 Texas Civ. App. C. C., sec. 247; Clark on Contracts, Hornbook Series, pp. 190, 191; Jaffray v. Davis, 124 N. Y., 164, 26 N. E. Rep., 351; L. R. A. Book 11, 710, and notes briefing fully the point; Fuller v. Kemp, L. R. A. Book 20, p. 785, and notes; Chicora Fertilizer Co. v. Dunan, L. R. A. Book, 50, p. 401 and notes; Clayton v. Clark, Book 37, L. R. A., 771.

EIDSON, ASSOCIATE JUSTICE.—This is an action to revive a judgment in favor of appellants rendered in the District Court of San Saba County on November 24, 1900, against appellees for the sum of $329.53, with interest and costs of suit, upon which judgment there had been payments made by appellee Davis at various times, aggregating the sum of $139. No execution having been issued in one year,

a motion was made to revive the judgment, praying that execution might issue, etc.

Appellee H. S. Davis resisted the motion, and pleaded that he had compromised and settled said judgment with appellants, insofar as he was concerned, by the payment of the sum of $139, which was accepted by appellants in full satisfaction and discharge of said judgment as against appellee Davis.

Appellants pleaded that there was no consideration for such compromise and settlement, in that said judgment was a liquidated demand and the amount due definite and certain, and that the acceptance and payment of a less sum than the full amount due was not binding upon appellants.

The only assignment of error presented by appellants on this appeal is that the court below erred in not rendering judgment for appellants; that under the pleadings and evidence they were entitled to have their judgment revived and their execution for the amount claimed as due upon their judgment, appellee having showed no consideration that entitled him to release from said judgment.

The uncontroverted testimony shows that at the time the judgment of appellants was obtained and since that time and up to the date of the settlement claimed by appellee, appellee was insolvent and owned no property subject to execution, and that appellee sold exempt property in order to obtain the money with which to make said settlement. The court below found that there was a sufficient consideration upon which to base the settlement and release of said judgment as to appellee Davis, and in this we think the court was correct. A consideration is any benefit to the promisor, or any loss, trouble or inconvenience to or charge upon the person to whom the promise is made. (Emerson v. Slator, 22 How., 43, 16 L. Ed., 365.) "Either benefit to the promisor or detriment to the promisee, is sufficient." (Brantly Contracts, 57.). "A consideration emanating from some injury or inconvenience to the one party or from some benefit to the other, is a valuable consideration." (Conover v. Stillwell, 34 N. J. L., 54.) "Any collateral benefit received by the creditor which is entitled to be regarded as a technical legal consideration, will be held to be sufficient to support the contract." (Brooks v. White, 2 Met., 283.)

Evidently, in view of the fact that the appellee was insolvent, and owned no property subject to execution, the appellants were benefited by this settlement, as they could not have enforced the collection of any part of their judgment by law. And the fact that appellee sold exempt property in order to raise the money with which to make the settlement caused a loss and injury to him, which he was under no legal obligation to make or suffer. In the case of Shelton v. Jackson, 49 S. W. Rep., 415, the Court of Civil Appeals of the Second District, Judge Hunter delivering the opinion, held that where the debtors were insolvent and the creditor got immediate possession of his money without cost or delay, there was sufficient consideration for the acceptance of a smaller amount than the demand in full settlement of such demand, and the Supreme Court refused a writ of error in that case. In this case there is the additional consideration of the loss

or injury to the appellee by reason of his selling exempt property in order to enable him to make the settlement.

There being no error in the judgment of the court below, it is affirmed.

*Affirmed.*