## CHARLES A. DALBY v. PETER LAURITZEN.[1]

May 11, 1906.

Nos. 14,702—(54).

**Assignment of Judgment.**

A charge of the court to a jury to the effect that it was immaterial what an assignee paid for a judgment, and whether the assignor was solvent or not at the time of the assignment, is *held* not to have been erroneous in itself, nor to have been made erroneous by the circumstances of this case.

**Solvency of Debtor.**

A charge, that it was of no importance whether the judgment debtor was solvent or insolvent when the assignment was made, or at any time since that time, which expressly assumed that there had been no agreement between the purchaser of such judgment and the judgment debtor concerning a compromise of that judgment for service of less value than its face, was not erroneous.

**Refusal to Charge Jury.**

The refusal of a court to charge that the jury had a right to take into consideration the value of a judgment on the question of probability or improbability of the making of such an agreement as to settlement, is *held*, under circumstances shown, not to have been a reversible abuse of discretion.

**Defense—Review on Appeal.**

The defense that the assignee of the judgment was the attorney of the judgment debtor at the time of the assignment, and that therefore as such attorney he could enforce the judgment against the client only for the amount which he actually paid, not asserted by answer and concerning which no request to charge was made to the court and no exceptions taken

[1] Reported in 107 N. W. 826.

to the failure of the court so to charge, and no error was assigned in the notice of motion for a new trial, is not proper subject for consideration upon appeal.

**Instructions to Jury.**

Other charges in this case, assigned as error, upon examination are *held* to be without reversible error.

**Evidence.**

Where the trial court at one stage of a trial excludes evidence as to a collateral matter, and subsequently receives it, the error, if any, is cured.

Appeal by defendant from an order of the district court for Hennepin county, Brooks, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $427.94. Affirmed.

*Harrison E. Fryberger,* for appellant.

*L. R. Thian,* for respondent.

JAGGARD, J.

This was an action brought by plaintiff against defendant for the renewal of a certain judgment originally secured by one C. McC. Reeve, against defendant February 9, 1895, for the sum of $385.07, and assigned by Reeve to plaintiff July 6, 1899. The defense to the suit is that, about the year 1899 or 1900—the defendant being insolvent, and the judgment uncollectible, and the plaintiff having paid only a nominal consideration for the assignment—plaintiff and defendant entered into a compromise and settlement of the judgment indebtedness arising therefrom, whereby, in consideration of services and certain merchandise furnished to plaintiff, of the value of $150, the whole amount of the judgment was compromised. Part of these services were rendered after the alleged compromise and settlement. The jury found for the plaintiff. From an order denying a motion to set aside the verdict and for a new trial this appeal was taken.

1. The defendant assigns as error practically all of that part of the court's charge which reads as follows:

Now, gentlemen, it is of no importance in this case what consideration plaintiff paid for the assignment of this judgment to him. The plaintiff's rights are precisely the same, whether he paid one cent or the full amount of the judgment, with interest.

And there is no evidence in this case that the assignment in question did not cost the plaintiff as much or more than the face of the judgment, with interest. And, as I have said, it would make no difference if in fact the judgment only cost the plaintiff a dollar. It is of no importance, either, whether the assignor, C. McC. Reeve, was, at the time of the assignment, solvent or insolvent. And if it was not agreed, as the defendant says it was, between the parties, that the services in question should be accepted in full satisfaction of the judgment, it is of no importance whether the defendant in this case was solvent or insolvent when the assignment was made or at any time since that time.

The defendant insists that these instructions were misleading, erroneous, and prejudicial to the defendant. Among other things, he urges that the question of defendant's insolvency at the time of the settlement was not at all a collateral fact; that the defendant's whole defense would fall, unless he proved that there was a valid consideration for the settlement and compromise. To this end he cites Molyneaux v. Collier, 13 Ga. 406, 422, in which, inter alia, the doctrine is set forth that while the payment of a sum less than the amount of a liquidated debt under an agreement of the creditor to accept the same in satisfaction of the debt forms no bar to the recovery of the balance, yet if the creditor agree with an insolvent debtor to accept his personal labor in value less than the whole debt, the agreement would be valid. And see Rice v. London & N. W. Am. Mort. Co., 70 Minn. 77, 72 N. W. 826.

The record, however, shows that the court conceded in effect the legal sufficiency of the consideration and left to the jury the question of whether the parties agreed to a compromise as a matter of fact. This might have been on the theory that any benefit or even the legal possibility of benefit to the creditor thrown in is sufficient to support a satisfaction of a larger debt by a smaller sum (Cumber v. Wane, 1 Strange, 425; 1 Smith's Lead. Cas. [11th Ed.] 338), that, for example, a horse, hawk, or robe would be a good consideration, quite regardless of the amount (Foakes v. Beer, L. R. 9 App. Cas. 605; Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710). So a promise to

render future services though of a lesser value than the amount of the judgment might be a satisfaction. The soundness of the court's theory, upon which he held, as a matter of law, that the compromise, if in fact agreed to, would prevent recovery by the plaintiff, is not before us for review, and on this appeal the defendant is not in position to complain of its holding.

In the part of the charge quoted, the remarks of the court were directed to the consideration which the plaintiff paid to the original judgment creditor for the assignment by that creditor to him. The last sentence of that part of the charge must be interpreted in the light of what preceded. So interpreted, it is an obviously correct statement of an elementary principle of law. The court charged that there was no evidence that the assignment did not cost plaintiff as much or more than the face of the judgment with interest. The defendant insists he has demonstrated to a mathematical certainty that this statement did not conform to the facts by arguing that when the plaintiff gave up a $700 claim against the assignor for a $500 judgment against the defendant he showed that he was willing to cancel an uncollectible claim against Reeve for an uncollectible claim against Lauritzen. There was testimony, however, to the effect that Reeve was not insolvent, although his affairs were involved, and that he "paid every dollar he owed." If there was other testimony inconsistent with this, counsel for defendant has not indicated it, nor have we been able to find it. This contention of defendant accordingly falls with his facts.

The defendant further objects to this part of the charge because,

> It must be remembered that Dalby (the assignee of the judgment, and the plaintiff) was the attorney for Lauritzen (the judgment debtor) at the time he took the assignment of this claim against him (Lauritzen), and where an attorney buys up a claim against his client he can only enforce it against his client for the amount which he has actually paid. He is presumed to have purchased the claim for his client's benefit.

It is not necessary here to consider the natural question of the inapplicability of this rule to this case as one of mere casual employment. For this defense was not asserted by the answer, and, although in the course of the trial it appeared that Dalby had in some matters repre-

sented Lauritzen as counsel at or about the times involved, there was no attempt made to amend the pleadings, no request to charge in that regard was made to the court, no exception was taken to the failure of the court to so charge, and no error was assigned in the notice of motion for a new trial for such failure. Accordingly the matter is not before us on this appeal.

2. The defendant assigns as error the charge of the court pertaining to the compromise, namely:

> The defendant on the other hand, admitting the judgment and admitting also its assignment to plaintiff, claims that in consideration of services rendered or to be rendered by the defendant to the plaintiff, was in the language of the answer, compromised, paid, settled, and satisfied. * * * And applying these tests, and such others as may suggest themselves to the jury, it is for you to determine where the truth lies and whether or not this judgment was in fact settled, paid, compromised, and satisfied as the defendant claims it was.

The defendant insists that these instructions were misleading, inasmuch as the defendant never claimed that the plaintiff at the time of the settlement actually filed a satisfaction of the judgment, and that it resulted in a misapprehension by the jury that the burden was upon the defendant to produce evidence showing an actual satisfaction of the judgment. This, we think, is a forced and unjustifiable construction of the language used. The court expressly left to the jury the determination of the compromise of the judgment "as the defendant claims."

3. A more serious question arises concerning the court's charge previously quoted in full, as to the immateriality of the solvency or insolvency of the parties in connection with the following incident on the trial. At the close of the court's charge, counsel for the defendant, who had made no request at any time, said:

> I presume that I should call the court's attention on the question of probability or improbability of the settlement that they have a right to take into consideration the value of the judgment which the plaintiff held against the defendant the fact that it was worthless—that the plaintiff admits it was a worthless claim.

To this the court said:

> Well, the jury have heard the testimony and will decide the case in accordance with the charge as the court has given it to you.
>
> Counsel then said: My request is refused?
>
> The court said: Yes.

Thereupon counsel took his exception, which he preserved on a motion for a new trial and duly presented by assignment of error here.

Defendant's remarks, liberally construed, may be regarded as an oral request that the court charge the jury that they had a right to take into consideration the value of the judgment on the question of probability or improbability of the making of the agreement as to the settlement. There not only was no impropriety nor "reprehensible practice for the attorney to call the court's attention to an error in the charge and so give him an opportunity to make the proper correction" but it was the obvious duty of counsel to have made a properly formulated request in order that the alleged error in the charge might be corrected by the court and in order that the proper foundation for an appeal be laid. We are not inclined to construe the request with strict technicality. Although informal and inaccurate, we will treat it as sufficient to direct the attention of the court to the subject matter. The question then before us is whether or not the failure of the court to charge specifically on this point was reversible error under these circumstances.

The matter is not without doubt. Where no formal written request for charging as to an especial matter is made to the trial court the character of the charge rests to a considerable extent at least, in the court's discretion. On the one hand, when the request was proper and its refusal resulted in an obvious prejudice to a litigant a case of reversible error might be presented. On the other hand, where counsel argue the point as to which the court fails to charge at length to the jury, as they did in this case presumptively, and the argument is purely one of fact, it may well be that the trial court in its sound discretion, in view of its other relevant charges, would hold that the jury was not influenced by the mere failure of the court to specifically call attention to such argument of fact and to tell the jury that they had a right to weigh it. Upon a review of the charge as a whole, we think

that this case falls within the latter category. This conclusion is the more easily reached because the substance of defendant's argument is that the vice of the refusal of the court was in emphasizing what he regards as an erroneous charge, but which we have held to be a proper charge.

4. The rulings of the court in excluding evidence that the defendant was financially worthless and that the judgment against him was considered as of no considerable value are also assigned as error. In the view here taken of this case, that evidence was admissible as affecting the probability or improbability of the agreement to accept services of a less value than the face of the judgment. The matter was therefore collateral, and was one with respect to which the discretion of the court might properly have been exercised. Philips v. Mo, 91 Minn. 311, 315, 97 N. W. 969. However, in this case evidence on these points was in point of fact quite fully presented in course of the trial, so that the error, if any, was cured. After careful examination of all assignments of error, we find no reversible error in the record.

Order affirmed.