WILEY RIVERS v. R. A. CAMPBELL.

Decided May 20, 1908.

**1.—Appeal—Statement of Facts—Act Construed.**

The Act of 1907 (Gen. Laws, page 509) requires that a statement of facts, after it has been prepared by the official stenographer, must be agreed to in writing by the parties and approved by the trial judge, or when not agreed to by the parties must be approved by the judge. In every instance the approval of the judge is required, and no statement of facts can be considered without such approval.

**2.—Injunction—Judgment after Term.**

During the term of a Justice Court an order of dismissal was entered in a pending suit by agreement of the parties upon the understanding that the defendant was to pay a certain sum at once in full settlement of plaintiff's claim; the defendant paid one-half of said sum at the time of the dismissal, receiving a receipt for the same, in which it was recited that the defendant "was to have a very short time, that is, immediately," in which to arrange the payment of the balance; after the expiration of the term, the defendant not having paid the balance, the justice of the peace at the request of the plaintiff set aside the order of dismissal and entered a judgment against the defendant for the full amount of plaintiff's claim. Held, the judgment was a nullity, and an injunction to restrain execution upon the same was properly granted.

**3.—Pleading—Amendment—Effect.**

An amended pleading takes the place of the original pleading, and matters in the latter not repeated in the amendment will be regarded as waived.

**4.—Injunction—Legal Remedy—Jurisdiction—Waiver.**

Where, in a suit to enjoin an execution on the ground that the judgment was void, it appeared from the averments of the petition that the plaintiff at one time had a plain and adequate legal remedy which he failed to avail himself of, and the defendant made no objection, but submitted to the jurisdiction of the court in the matter of the injunction and went to trial on the merits, it is too late to raise the point afterwards or on appeal. Such objection must be promptly raised and pressed.

**5.—Money Demand—Compromise—Consideration.**

The receipt of a part of the amount agreed upon in settlement of a money demand and the acceptance of the promise of the debtor to pay the balance in a short time, is a sufficient consideration to support the compromise.

**6.—Appeal—Practice.**

On appeal it is too late to raise the question for the first time that a compromise of a debt was without consideration, or that the attorney making the compromise was without authority to do so.

**7.—Compromise—Payment "at once," Construed.**

Where, by the terms of a compromise, it was agreed that the debtor was to have "a very short time" in which to arrange for the payment of the sum agreed on, and upon receipt of one-half the money the attorney for the creditor gave a receipt for the same wherein it was stated that the balance was "to be paid at once," held, that the expression "at once" would be construed to mean within a reasonable time.

Appeal from the Fifty-seventh Judicial District, Bexar County. Tried below before Hon. A. W. Seeligson.

*James Raley,* for appellant.

*T. H. Ridgeway,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee applied for a writ of injunction to restrain the execution of a certain judgment rendered against him in a Justice's Court of Bexar County, in favor of appellant, for the sum of $63.20, alleging that the judgment was void by reason of a compromise having been made and the claim paid. The court enjoined the collection of the judgment.

It was alleged that on October 19, 1907, the suit of Rivers v. Campbell was pending in the Justice's Court, and that on that day a compromise was made whereby appellant agreed to take the sum of $42 and costs of court in payment of the claim for $63.20—that $21 was paid. That, in accordance with the agreement, the justice of the peace dismissed the cause, and no motion for new trial was made, but that afterwards, on November 8, 1907, appellant caused the justice of the peace to enter a final judgment against appellee for $63.20, and that is the judgment sought to be restrained by injunction.

In this case no such statement of facts has been filed as is contemplated in the Act of 1907. (Gen. Laws, p. 509.) That Act requires that a statement of facts, after it has been prepared by the official

stenographer, must be agreed to in writing by the parties and approved by the trial judge, or, when not agreed to by the parties, must be approved by the judge. In every instance the approval of the judge is required, and no statement of facts can be valid without that approval. There are two copies of purported statements of facts filed in this case, each being certified to by the stenographer, but neither of them agreed to by the parties nor approved by the judge.

There being no legal statement of facts, the findings of fact of the trial judge must be adopted by this court. With some emendations the findings of fact are as follows:

"On February 7, 1901, Wiley Rivers recovered a judgment in the County Court of Bexar County, Texas, against R. A. Campbell, in the sum of $63.20, and for costs of court.

"No execution was ever issued upon the judgment in the County Court and the same became dormant.

"On June 22, 1907, Wiley Rivers instituted suit in the Justice's Court, precinct No. 1, Bexar County, Texas, to obtain a new judgment upon the judgment in the County Court, for the full amount thereof, with interest and costs of court.

"While said suit was pending in said Justice's Court, and before same was called for trial upon the merits and facts, the said R. A. Campbell agreed to pay the defendant, Wiley Rivers, the sum of $42 in full satisfaction of said judgment, interest and costs of court, and the defendant, Wiley Rivers, acting through his attorney, James Raley, agreed to accept said sum in satisfaction of said demands, if paid immediately, which proposition was assented to by said Wiley Rivers. That thereupon R. A. Campbell paid to the said James Raley the sum of $21, and the said Raley executed and delivered to him the following receipt:

" 'Received of R. A. Campbell, $21, being one-half of the sum we agreed to take as a compromise of the case of Rivers v. Campbell. The costs are not included in this, but are to be paid by Campbell or Campbell & Bee. The other $21 are to be paid at once.

JAMES RALEY,

Oct. 19, '07.                                   Attorney for Plaintiff.'

"It was verbally agreed between said parties at said time that said Campbell was to have a very short time—that is, immediately—in which to see Carlos Bee, and to arrange the payment of the $21 balance.

"On the 21st day of October, 1907, R. A. Campbell paid all costs due in said Justice's Court, and said cause was then dismissed. That said dismissal was set aside after the expiration of said term of said Justice's Court, and judgment was rendered against the said R. A. Campbell in said cause, the same being the judgment which is enjoined in this suit.

"Before the institution of this suit the said R. A. Campbell tendered to the said Wiley Rivers and to his said attorney the $21 balance due upon said compromise, which was refused, and that said sum of money was tendered and paid into the registry of this court for the benefit of said Wiley Rivers, which has not been accepted.

"The $21 paid by R. A. Campbell to the said Rivers on the 19th day of October, 1907, was retained by said Rivers, and has never been paid nor tendered back to said Campbell."

The act of the justice of the peace in setting aside the judgment of dismissal was a nullity, and the collection of the judgment thereafter rendered was properly enjoined. Aycock v. Williams, 18 Texas, 392; Love v. Powell, 67 Texas, 15; Smith v. Carroll, 28 Texas Civ. App., 330; Carter v. The Commissioners of Van Zandt Co., 75 Texas, 286; Odle v. Davis (Texas Civ. App.), 35 S. W., 721; Adams v. Casey, 15 Texas Civ. App., 379; Parker v. Boyd (Texas Civ. App.), 42 S. W., 1031.

The first assignment of error attacks the judgment because it appears from the face of the petition that appellee knew of the rendition of judgment in the Justice's Court in ample time to have availed himself of a writ of *certiorari*, a plain legal remedy. In his original answer, filed on March 4, 1908, appellant had an exception to the petition on the ground that is now embodied in the assignment of error, but on March 13th a "first amended original answer" was filed, in which there were no exceptions of any kind to the petition. The amended answer took the place of the original answer, and matters in the latter, not repeated in the amendment, were abandoned. The case stands, therefore, as though the matter of a legal remedy was not presented in the court below, but is presented for the first time in this court.

It is the rule in Texas that no objection which does not go to the foundation of the action or defense can be raised for the first time in the Appellate Court. Do allegations of such facts as show that, at one time, appellee had an adequate legal remedy for the wrongs perpetrated on him, present a case such as is mentioned in Holloway Seed Co. v. City Nat'l Bank, 92 Texas, 187, which had no "proper pleadings" to support the judgment? The words "proper pleadings" are so broad that they might include any pleadings that would be open to special exception, because such pleadings would not be entirely proper, but we cannot believe that the court intended to widen the definition of fundamental error so as to embrace every case in which the pleadings defectively state a cause of action, but intended to hold that it would be fundamental error if the pleadings were so defective as not to state a cause of action. We do not feel disposed to go any further, at least, than that.

We are of the opinion that the statement of matters in a petition for injunction, which indicates that the complainant had, at a time when he could have secured the same relief from a judgment by *certiorari* as by injunction, known of the rendition of the judgment, but had not availed himself of it, would not be such defect in the petition as to render it unfit as a basis for an injunction. There can be no doubt that the petition showed on its face a lack of equity, and it was obnoxious to a demurrer, but it has been held in courts of high standing that, where the defendant has answered, and has gone to a hearing upon the merits, without raising the question of an adequate remedy at law, such objection is deemed to have been waived; and even where it has been raised by demurrer, but was not pressed in the lower court, it cannot be presented in the Appellate Court. St. Paul & S. C. Ry. v. Robinson

(Minn.), 43 N. W., 75; Williams v. Concord Church (Pa.), 44 Atl., 272; Driscoll v. Smith (Mass.), 68 N. E., 210.

The Minnesota court held: "The defendants having contested the case on its merits, they cannot now raise the objection that the plaintiff should be remitted to his remedy at law. It is an action of equitable cognizance, and it is competent for the court to grant the relief sought, and in such cases where the court is willing to hear the case, and the defendant consents to a trial on the merits, it is too late to raise the objection. This was the rule in chancery, and it applies, *a fortiori,* where the same court combines both law and equity jurisdiction."

In the cited case of Driscoll v. Smith, the Supreme Judicial Court of Massachusetts said: "By proceeding without objection to a hearing on the merits before the master, the defendant must be taken to have waived the allegations in his answer that the plaintiff had a plain and adequate remedy at law, and that the bill did not state a case that entitled him to relief in equity."

The question as to appellee having a remedy at law, as shown by his petition, was one of jurisdiction, not as to subject matter which could be waived, and appellant, after risking his chances for a favorable decree, will not be heard to press that matter in this court. As said in the case of Dearth v. Hide & L. Nat'l Bank, 100 Mass., 540: "Such an objection must be made without delay, and at the earliest opportunity. Being an objection to the jurisdiction, it is too late to make it after the jurisdiction has been submitted to." Again, in the case of First Congregational Society v. Trustees, 40 Mass., 148, it was said: "But the defendant's counsel contend that the plaintiffs have a plain, adequate and complete remedy at law, and that for this reason the court has no jurisdiction as a court of equity. This objection seems to have been made too late, after the defendant had answered the bill and submitted to the jurisdiction of the court. If the court has jurisdiction of the subject matter in dispute, any other objection to the jurisdiction of the court should have been made without delay, and at the earliest opportunity."

In the amended answer appellant admitted, among other things, that the judgment which appellee was seeking to restrain was void, and fully submitted to the jurisdiction of the court by setting up his claim and asking for a judgment on it. The righteousness of the decisions herein quoted is fully indicated in this case, where the pleadings show that the suit was filed after the remedy by *certiorari* had been lost, and if appellant had pressed the question of jurisdiction appellee would have had an opportunity to amend and give his excuse, if any, for allowing the time to go by for his writ of *certiorari*. Appellant however, did not in his answer question the pleadings of appellee or the jurisdiction of the court, but submitted himself to the jurisdiction and took his chances for a decree. His attack on the jurisdiction of the trial court comes too late in this court.

The second assignment of error is: "The judgment of the County Court for $63.20 was a money demand, and an agreement to take less than this sum and interest is without consideration." Appellant, in his answer, admitted the compromise pleaded by appellee, and did not question the consideration for it, and did not attack the compromise on the

ground of lack of consideration. It is too late to raise that issue in this court. But, if it were not, there is no merit in the assignment of error. The court found that appellant, through his attorney, accepted the sum of $42 in full payment of the claim he had against appellee, that $21 was paid on the agreement, and that some time, however short it may have been, was given in which to pay the remainder. In pursuance of the agreement, the costs were paid and the cause of action dismissed. The acceptance of the cash and the promise of appellee furnished a full and adequate consideration for the compromise. The compromise was made on a basis of half cash and half on time, however short it may have been. There was the substitution of a new contract for the old one. Dreyfus v. Roberts (Ark.), 87 S. W., 641; Ward v. Young (Texas Civ. App.), 89 S. W., 456.

The fourth and fifth assignments of error are overruled. The same attorney who represented appellant in the compromise represented him in the lower court, and is representing him here, and in the answer filed there it is admitted that appellant agreed to the compromise, and the authority of the attorney to make the compromise was not questioned. It cannot be done in this court. No matter what the authority, or lack thereof, of the attorney may have been, appellant, by his answer, put the seal of his approval on it.

It is apparent that some time was intended to be given appellee in which to pay the balance due on the compromise, because it was unreasonable to give the receipt for the cash payment and to mention that $21 was still unpaid if some time to raise it had not been intended. It would be unreasonable, therefore, to construe the words "at once" to mean a cash payment. Kraner v. Chambers (Iowa), 61 N. W., 373. The parties did not so construe it, as is evidenced by their acts. The court finds that the agreement was that appellee was to have "a very short time" to arrange the payment. In the absence of a statement of facts that finding will be presumed to have been supported by the evidence. The words "at once" will be construed to mean within a reasonable time. Ford v. Friedman, 20 S. E., 930; Oklahoma Vinegar Co. v. Hamilton, 32 So., 306.

*Affirmed.*

Writ of error refused.