## INTERNATIONAL SHOE CO. v. STEWART.
### (No. 2635.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 22, 1922. Rehearing Denied Dec. 7, 1922.)

Accord and satisfaction ⊚⟺8(2)—Forbearance to go into bankruptcy by insolvent debtor held sufficient consideration for creditor's agreement to accept pro rata payment in full satisfaction.

Where a debtor, known to his creditors to be insolvent, assigned his stock of merchandise to another, also a creditor, who notified all creditors of the debtor that he had sold the stock for the benefit of creditors, and tendered a creditor his pro rata share, the forbearance of the insolvent debtor to take advantage of bankruptcy laws, expressed to his creditors, was a sufficient consideration for the creditor's agreement to accept the payment in full satisfaction of his demand.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

Action by the International Shoe Company against C. R. Stewart. From a judgment for defendant, plaintiff appeals. Affirmed.

I. N. Williams, of Mt. Pleasant, for appellant.

T. C. Hutchings, of Mt. Pleasant, for appellee.

WILLSON, C. J. In October, 1920, appellee, a merchant in business at Cookville, being indebted to Sanger Bros. and others, including appellant, in sums aggregating $7,780.99, which he was not able to pay in full, turned his stock of goods over to said Sanger Bros., with the understanding that they were to make a settlement with appellee's credi-

tors if they could. November 2, 1920, Sanger Bros. wrote each of said creditors, advising him that appellee was insolvent, and that they had purchased his stock of merchandise for $1,375. "This purchase," they said,

"was made under the Bulk Sales Law of the state of Texas for the benefit of all the creditors, as per list hereto attached, and would ask that you kindly file your claim properly proven. As soon as we have heard from all creditors, we will be pleased to mail you check for your proportion."

November 6, 1920, Sanger Bros. wrote each of said creditors another letter, stating that because some of the creditors thought they had placed a wrong construction on the Bulk Sales Law (Laws 1909, c. 27) they had concluded to offer all appellee's assets for sale to the highest bidder therefor on November 16. "The proceeds of this sale," they added,

"will be held for the benefit of all the creditors, on a pro rata basis. We trust you will have a representative at the sale, and that this will meet with your approval. Kindly file your claim if you have not already done so."

March 23, 1921, said Sanger Bros. sent each of said creditors another letter, advising him that the assets of appellee before referred to had been sold at public outcry for $1,475, of which sum there was left $1,244.97, after paying expenses, taxes, etc., and concluding as follows:

"Claims filed $7,780.99, or 16 per cent. to each creditor. Please find check enclosed for your pro rata share. You need not acknowledge receipt as the check will answer that purpose."

The check enclosed with the letter to appellant was for $191.09, which was 16 per cent of the amount of appellee's indebtedness to it. The check was payable "to the order of I. N. Williams, Atty. for R. J. R. Shoe Co." On the back thereof was the following:

"This voucher in payment of the following items: Re C. R. Stewart, Cookville, Texas, in full settlement.

"This voucher check is a payment in full of the within account, and it is agreed that the payee's indorsement hereon shall constitute an acknowledgment of such payment. [Signed] I. N. Williams, Atty. for R. J. Rand Shoe Co."

The R. J. Rand Shoe Company was a branch of the appellant company, it seems.

This suit was by appellant to recover of appellee $1,194.34, less the $191.09 paid by the check, which appellant claimed was the amount unpaid of appellee's indebtedness to it. Sustaining appellee's contention that appellant was bound by its acceptance of the check for $191.09 as a payment of the indebtedness in full, the trial court rendered judgment denying appellant a recovery of anything against appellee.

The contentions here by appellant are that it was not bound by its acceptance of the

---

⊚⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

check in full of the sum due it (1) because of the provision in the general assignment law (title 9, Vernon's Sayles' Civil Statutes) that a debtor shall not be discharged for liability to a creditor, notwithstanding the latter assented to the assignment, if he did not receive as much as one-third of the amount of his claim against the debtor (article 93), and (2) because, it asserts, there was no consideration for the release by it of the amount of its claim in excess of the sum paid it.

Appellee as a witness testified that the arrangement between him and Sanger Bros. under which the latter took over the stock of goods was evidenced by "a written contract." The instrument is not a part of the record sent to this court, and no testimony showing what its contents were seems to have been adduced at the trial. Therefore we cannot say from the record that the transaction between appellee and Sanger Bros: operated as an assignment by the former to the latter under the statute. If it did not so operate, then of course the provision of the statute invoked by appellant did not affect the rights of the parties here.

Whether the other contention presented by appellant should also be overruled or not is not so clear, in the light of the authorities, but we have concluded it should not be sustained. The rule generally recognized, and at the same time generally criticized by the courts as unreasonable, unjust, and dishonest (1 R. C. L. 184), is stated in 1 C. J. 529, as follows:

"Where the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. Payment of a less amount than is due operates only as a discharge of the amount paid, leaving the balance still due, and the creditor may sue therefor notwithstanding the agreement."

We think the trial court had a right to conclude, however, that this case in its facts was within an exception to the rule, which is stated in 1 R. C. L. 187, as follows:

"Where the debtor is known to the creditor to be insolvent, and the creditor in consideration of such fact agrees to and does accept part payment of a liquidated demand in full satisfaction, the courts generally recognize this as an exception to the general rule, and uphold the transaction as a good accord and satisfaction. The right of an insolvent debtor to take the benefit of the bankruptcy laws is unquestionably a valuable right, and the giving up of this right at the time of a part payment upon a liquidated demand may well be deemed to be a sufficient consideration for the creditor's agreement to accept the payment in full satisfaction of the demand."

And see 1 C. J. 550; Shelton v. Jackson, 20 Tex. Civ. App. 443, 49 S. W. 415; Early-Foster Co. v. Klump (Tex. Civ. App.) 229 S. W. 1015. Appellee testified, and it was not denied, that he was insolvent and contemplating "going into bankruptcy," and had so advised appellant and his other creditors, at the time he turned his stock of goods over to Sanger Bros. to use in settling with his creditors.

The judgment is affirmed.