## CURLEE CLOTHING CO. v. UBERMAN.
### (No. 237.)

(Court of Civil Appeals of Texas.    Waco.
May 21, 1925.)

Accord and satisfaction ☞8(2)—Compromise
and settlement ☞5(2)—Creditor's accept-
ance of part payment in full satisfaction of
debt, in consideration of insolvent debtor's
agreement not to take benefit of bankruptcy
law, is good accord and satisfaction.

While payment of less than is due on liq-
uidated demand in agreed satisfaction of whole
debt will not generally discharge entire debt
because of want of consideration, creditor's ac-
ceptance of such payment in consideration of
debtor's insolvency and agreement not to take
benefit of Bankruptcy Law (U. S. Comp. St. §§
9585–9656) is good accord and satisfaction.

Appeal from District Court, Johnson Coun-
ty; Irwin T. Ward, Judge.

Action by the Curlee Clothing Company
against Jack Uberman.    Judgment for de-
fendant, and plaintiff appeals.    Affirmed.

Davis, Johnson & Handley, of Dallas, for
appellant.
Walker & Baker, of Cleburne, for appel-
lee.

BARCUS, J.    This suit was instituted by
appellant to recover about $1,650 which it
claimed appellee owed it on an open ac-
count.    Appellee was a merchant at Cle-
burne, and in December, 1921, he notified his
creditors, including appellant, that he was
in a failing condition and, unless he could
make some adjustment with his creditors,
he would take the benefit of the Bankruptcy
Law (U. S. Comp. St. §§ 9585–9656).    Efforts
were made by appellee and his creditors to
sell the stock of merchandise, but no sale
was perfected.    In February, 1922, appellee,
at the request of some of his creditors,
transferred all his stock of merchandise,
fixtures, and accounts to a trustee, to be dis-
posed of for the benefit of all of his credi-
tors.    The conveyance to the trustee provid-
ed that the trustee should sell said proper-
ty and pay, first, the taxes, debts due em-
ployees, and expenses.    The instrument then
provides that, after payment of the preferred
claims above, "the balance shall be distribut-
ed among the accepting creditors of the ven-
dor, and the acceptance by any creditor of
the vendor of his or their pro rata share of
said proceeds shall be a full satisfaction, set-
tlement, and discharge of the entire debts
and obligation of every character of said,
creditor or creditors so accepting against the
vendor, and such acceptance shall be a full
release and satisfaction of said obligation."
The trust conveyance was filed for record
in Johnson county, and the trustee took
charge of the property, converted same into
cash, and paid same pro rata, to the credi-
tors of appellee.    Appellant was one of the
creditors who was in the conference with ap-
pellee when he was discussing his financial
troubles, and agreed that it would be best
for the creditors if appellee would not file
a petition in bankruptcy.    Appellant ac-
quiesced in the assignment made by appel-
lee to the trustee and accepted its pro rata
part of the proceeds, which was 16 per cent.
of its claim, under the terms and provisions
of said trust conveyance above quoted.

The cause was tried to the court and the
court found the above facts, and concluded
as a matter of law that plaintiff, by having
accepted under the deed of trust, was bound
thereby, and that the agreement on the part
of appellee not to take advantage of the
bankruptcy law was a sufficient considera-
tion to release the balance of the debt, and
that appellant, by its actions, was estopped
from claiming any balance due on its ac-
count against appellee, and entered judg-
ment denying appellant any recovery.

Appellant presents only two propositions
or points.    It contends the judgment is erro-
neous because appellee did not plead or
prove that all of his other creditors agreed
to and did accept a like pro rata sum in full
payment of their respective debts, and that,
before appellee is entitled to be discharged
from his debts, he must plead and prove that
each of his creditors, in consideration that
he would not file a petition in bankruptcy,
both agreed to and did accept a like pro
rata sum in full discharge of their several
debts.    We overrule these propositions.    The
general rule is that the payment of a lesser
sum than is due on a liquidated demand, upon
an agreement that such payment will
satisfy the whole debt, will not discharge
the entire debt, because of a want of con-
sideration.    1 R. C. L. 184.    "Where [how-
ever] the debtor is known to the creditor to
be insolvent, and the creditor, in considera-
tion of such fact, agrees to and does accept
part payment of a liquidated demand in full
satisfaction, the courts generally recognize
this as an exception to the general rule and
uphold the transaction as a good accord and
satisfaction.    The right of an insolvent debt-
or to take the benefit of the bankruptcy law
is unquestionably a valuable right, and the
giving up of this right at the time of a part
payment upon a liquidated demand may well
be deemed to be a sufficient consideration for
the creditor's agreement to accept the pay-
ment in full satisfaction of the demand."    1
R. C. L. 187.

The appellant in this case having known
of the insolvency of appellee and of his in-
tention to take the benefit of the bankruptcy
law, and having accepted its pro rata part
of the entire property of appellee in full
discharge of its claim, we think brings this

case within the above exception to the rule. Each individual creditor has the right to make a settlement with his insolvent debtor, regardless of the action of any other creditor, and where, as in this case, the creditor agrees to and does accept less than the full amount due from an insolvent debtor who refrains from taking bankruptcy, with the agreement on its part to release the debtor from the balance of the claim, the contract is enforceable. This holding has been followed by our courts, as well as by courts of a number of other states. International Shoe Co. v. Stewart (Tex. Civ. App.) 245 S. W. 723; Rotan Grocery Co. v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586; Ward-Murray & Co. v. Young, 40 Tex. Civ. App. 294, 89 S. W. 456; Rivers v. Campbell, 51 Tex. Civ. App. 103, 111 S. W. 190; Mayfield Woolen Mills Co. v. Long (Tex. Civ. App.) 119 S. W. 908; Melroy v. Kemmerer, 218 Pa. 381, 67 A. 699, 11 L. R. A. (N. S.) 1018, 120 Am. St. Rep. 888; Engbretson v. Seiberling, 122 Iowa, 522, 98 N. W. 319, 64 L. R. A. 75, 101 Am. St. Rep. 279; Rice v. London & N. W. American Mort. Co., 70 Minn. 77, 72 N. W. 826; Herman v. Schlesinger, 114 Wis. 382, 90 N. W. 460, 91 Am. St. Rep. 922; 1 Corpus Juris, 550, 551.

The judgment of the trial court is affirmed.