### SHEAR CO. v. DICKEY.   (No. 303.)

(Court of Civil Appeals of Texas. Waco. Jan. 14, 1926. Rehearing Denied Feb. 11, 1926.)

**Compromise and settlement ⬤⟶5(2)—Agreement to assign for benefit of creditors all property not exempt and waive benefit of bankruptcy laws in consideration of discharge from all liability held enforceable, although one-third of debt was not paid.**

Agreement of insolvent debtor to assign all property for benefit of creditors except that which was exempt, and to waive right to take benefit of bankruptcy laws in consideration of discharge by creditors from all liability, *held* enforceable as against creditors, notwithstanding less than one-third of debt was paid.

Error from District Court, McLennan County; Sam R. Scott, Judge.

Action by the Shear Company against E. D. Dickey. Judgment for defendant, and plaintiff brings error. Affirmed.

Williamson & McDonnell, of Waco, for plaintiff in error.

Bryan & Maxwell, of Waco, for defendant in error.

BARCUS, J. The parties will be designated as in the trial court. Plaintiff filed this suit against defendant, seeking to recover the balance of about $1,700 and interest due

on a note for $5,301.49 executed by defendant. In 1917, the defendant was running a mercantile business and was insolvent, and some of his creditors filed an involuntary petition against him in bankruptcy. Thereafter, at the suggestion of plaintiff and other of his creditors, he executed a general assignment to S. B. McDaniel of Corsicana and O. P. Hall of Waco, conveying all of his property to said trustees, except that which was exempt to him under the exemption laws of Texas, for the purpose of paying all his creditors an equal pro rata share in his estate. O. P. Hall, one of the trustees named, was the agent of and acting for the plaintiff. The defendant alleged that all of his creditors, and especially the plaintiff, agreed, in consideration of his executing said assignment and turning over his property to said trustees, that they would accept the funds received therefrom in full and complete settlement of all claims held by them against him; and he alleged that after the execution thereof, at the instance and request of his creditors, and especially plaintiff, the bankruptcy proceedings were dismissed in order to save the costs incident thereto, and that by reason of the plaintiff having accepted under said assignment its pro rata part of the proceeds of his estate, his debt was thereby fully paid and discharged.

Plaintiff denied the allegations of defendant, and further alleged that the instrument executed by defendant was a general assignment under the statute, and since the estate paid less than 33⅓ per cent. of the debts, it was not any bar to its recovery of the balance due. The cause was tried to a jury, submitted on special issues, and the jury found that at the time the assignment was made the plaintiff, acting through its agent, O. P. Hall, agreed with the defendant that in consideration of his executing the assignment he would be released and discharged from all his indebtedness due plaintiff after the proceeds of the property under the assignment had been distributed pro rata to the creditors. On the findings of the jury the court rendered judgment for defendant. It was an admitted fact that the trustees in said assignment took charge of all the property and sold same, and did pay 32% per cent. to each of defendant's creditors, including plaintiff.

Defendant, being insolvent, and having waived his right to take the benefit of the bankruptcy law in consideration that his creditors, including plaintiff, would accept his property and discharge him from all liability, was entitled to have the contract enforced, and plaintiff, having agreed to said contract and having accepted thereunder, is bound thereby. Curlee Clothing Co. v. Jack Uberman (Tex. Civ. App.) 273 S. W. 889, and authorities there cited; International Shoe Co. v. Stewart (Tex. Civ. App.) 245 S. W.

723; Irwin v. State Nat. Bank (Tex. Civ. App.) 224 S. W. 246.

The contention of plaintiff that the assignment under the statute did not relieve the defendant of his obligation because the estate did not pay as much as one-third of his debt is not tenable. The plaintiff in this cause, under the jury's finding, which is abundantly supported by the testimony, made a contract with the defendant to release the defendant from all liability, in consideration of his having made the assignment, and under the authorities above cited the waiver of a debtor's right to take the benefit of the bankruptcy law, and in lieu thereof turn over to his creditors his entire estate in satisfaction of his debts, is a sufficient consideration to sustain the contract.

We have examined all of plaintiff's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.