## BROWN SHOE CO. v. BEALL.

### No. 5069.

Court of Civil Appeals of Texas. Texarkana.

May 6, 1937.

Fred Dudley, of Dallas, and Seb F. Caldwell, of Mt. Pleasant, for appellant.

Sam Williams, of Mt. Pleasant, for appellee.

HALL, Justice.

Appellant brought this suit against appellee on sworn account. Appellee by his amended answer admitted having contracted the indebtedness sued on, prior to the date appellee made an assignment for the benefit of his creditors. Appellee alleges that before he made the assignment he had a conference with certain agents of appellant wherein they apprised appellee of the fact that he was insolvent and that they had been directed by appellant to institute involuntary bankruptcy proceedings against him, but that they would refrain from said action for ten days if he would make an effort to secure new capital to refinance his business. That the agents of appellant requested appellee to refrain from filing a voluntary petition in bankruptcy but instead to make an assignment for the benefit of his creditors, the agents stating that their company would receive more money on its account from an assignment than from bankruptcy; that appellee agreed to make an assignment as requested for the benefit of his creditors, and on August 1, 1933, made and delivered to Nat F. Melman his deed of assignment. Appellee alleged further that appellant had notice of said assignment and participated therein, alleging in this respect that:

"Defendant further shows to the Court, that after filing the aforesaid assignment as well as forego filing a petition in bankruptcy, the said Nat F. Melman as trustee and from the proceeds that the assets and property of said defendant brought in cash, the plaintiff received from such estate the sum of Three Hundred Four and 90/100 Dollars on or about the 11th day of August AD 1933, and together with the further sum of Sixty and 97/100 Dollars on the 11th day of December AD 1933, as evidenced by a check making such remittance being in substance and form as follows to-wit:

"'11 No. 1349

"'Dallas, Texas. 12/11/1933.

"'Nat F. Melman,

"'Attorney-at-law,·

"'Republic National Bank building

"'Pay to the order of C. S. Dudley & Co for Browne Shoe Co., $60.97 Exactly $60.97 cts Dollars.

"'Nat F. Melman Trust Account

"'By Nat F. Melman.

"'To Republic National Bank and Trust Company, Dallas, Texas.'

"Which said check bore the following endorsement on the reverse side of said check and/or draft the following:

"'Acceptance and deposit of this check hereby constitutes full and complete settlement of all claims that you may have as against Webber Beall, trading as Webber Beall Department Store, Mount Pleasant, Texas, and Nat F. Melman as Assignee for the benefit of Creditors.

"'Brown Shoe Co.,

"'By C. S. Dudley & Co., Agts."

Appellee alleged further that prior to his making said assignment he was hopelessly insolvent, which fact was known to agents of appellant, and that he was contemplating filing a voluntary petition in bankruptcy to secure a release of this and other debts through said court; that this fact was known to the agents of appellant before it accepted and retained the check or draft above set out; that his foregoing filing his petition in bankruptcy and the acceptance of said check or draft by appellant constituted an accord in satisfaction. Appellee alleged further that:

"Defendant further shows to the Court, that by reason of the mutual promises of the Browne Shoe Company in allowing him ten days to secure new capital, and defendant's promises to forego filing a voluntary petition in bankruptcy, and make an assignment instead for the benefit of·his creditors, which promises he made in good faith and believing the promises of the ˙Browne Shoe Company so made, and relying upon such promises and believing that, and the Browne Shoe Company so led him to believe that if an assignment was made instead of the defendant filing a petition in bankruptcy, that he, defendant, would be released from his obligations to said plaintiff, and relying upon such implied promises so bestowed, and the plaintiff having fully participated equally with all creditors of said Webber Beall in the dividends of the money derived from sale of his assets, and now at this time having said sums in its possession and enjoying the same, and the cashing of said aforesaid check, the plaintiff by reason of such acts and conduct are now estopped from denying that said Webber Beall is not released from any further obligations by reason of said account and·debt herein sued upon."

Appellant by supplemental petition challenged by several special exceptions the sufficiency of appellee's answer with respect to the consideration of the contract of settlement alleged by him and further that the assignee not having paid as much as 33⅓ per cent. of appellee's debts, the appellant was not bound by any act of the assignee.

Trial was to the court without a jury, and resulted in judgment for appellee. From this judgment, appellant has appealed to this court.

The contentions of appellant may be summarized to be: (1) That the evidence was not sufficient to establish the fact that Hambrick and Brown were the agents of appellant; (2) that. the pleadings and evidence of appellee were insufficient to establish a contract, either express or implied, between the parties thereto, supported by a sufficient consideration whereby the agents of appellant agreed with appellee to settle his indebtedness to appellant by the pro rata amount of money to be received under said agreement; (3) that the evidence is insufficient to estop appellant from recovery of the full amount of its debt. The evidence discloses that Hambrick was a salesman for appellant and called·on appellee from time to time in such capacity, and also looked after collecting the indebtedness owing by appellee to appellant. Hambrick carried a statement of appellee's account with appellant and demanded pay-

ment of same on several occasions. He also examined appellee's books to determine the condition of his business. On another occasion shortly before appellee made his assignment Hambrick in company with one Brown interviewed appellee with respect to his indebtedness due appellant. The statement of facts, which was agreed to by counsel and approved by the trial judge, shows no objection was made to the testimony offered by appellee respecting the agency of Brown. True, a bill of exception is brought forward making complaint at the introduction of this testimony, but in this state of the record, with a conflict between the statement of facts and the bill of exception, the statement of facts will control. It was held in Fort Worth & D. C. Ry. Co. v. Harle (Tex.Civ.App.) 240 S.W. 1004, 1005, writ refused, that: "In case of a variance between the bill of exceptions and the statement of facts, where the latter is agreed to by the counsel or is prepared by the judge, the statement of facts control." International-G. N. Ry. Co. v. Motley (Tex.Civ.App.) 18 S.W.(2d) 782; Magnolia Petroleum Co. v. Reed (Tex.Civ.App.) 42 S.W.(2d) 274; Jones v. National Cash Register Co. (Tex.Civ.App.) 52 S.W.(2d) 1083. We conclude, then, that the circumstances were such, surrounding the activity of Hambrick and Brown with respect to collecting this account for their company (appellant), as to establish their agency with full authority to collect or adjust the indebtedness owing by appellee to appellant.

Regarding the evidence respecting an agreement on the part of appellant's agents to release appellee from his indebtedness by accepting a lesser amount under the assignment, we think it amply sufficient to establish same. The evidence shows that appellant knew appellee was insolvent and could not meet his obligations. This fact was discussed with appellee by the officials of appellant in St. Louis as well as by its agents, Hambrick and Brown. Hambrick and Brown knew that appellee was contemplating bankruptcy as a method of settling his indebtedness. These agents dissuaded him from this act and requested that he make an assignment instead, for the reason that appellant would receive more money on its claim through an assignment than bankruptcy. Notice of the assignment was mailed to appellant on August 1, 1933. The facts show that in pursuance of appellee's agreement with Hambrick and Brown he did on August 1, 1933, make a deed of assignment to Nat F. Melman for the benefit of his creditors instead of filing a voluntary petition in bankruptcy. And as a final act in said assignment, showing conclusively the understanding of all interested parties with respect to the settlement of this indebtedness by accepting its pro rata part under said assignment, was the acceptance and retention of the last check or draft due under said assignment by C. S. Dudley & Co., collecting agent for appellant, with the following notation on the back of said draft or check: "Acceptance and deposit of this check hereby constitutes full and complete settlement of all claims that I may have as against Webber Beall, trading as Webber Beall Department Store, Mount Pleasant, Texas, and Nat F. Melman as assignee for the benefit of creditors." This check was indorsed by C. S. Dudley & Co. who was the admitted collecting agent for appellant of this claim, they having theretofore received and retained from the assignee the sum of $304.90 on this indebtedness. These facts and circumstances establish conclusively that the agents of appellant entered into at least an implied agreement with appellee whereby upon payment to appellant of the proportionate share of its claim against appellee through the assignment it would release appellee from the whole indebtedness due it. The record shows conclusively that this whole arrangement was engineered by the agents of appellant in order for it to receive the greatest amount of money possible from this insolvent debtor. The consideration for this release was the foregoing by appellee of the valuable right of having all his indebtedness settled through the bankruptcy court; and the surrender of this right was a sufficient consideration to support the compromise settlement. International Shoe Co. v. Stewart (Tex.Civ.App.) 245 S.W. 723; 1 Tex.Jur. p. 264, §§ 21, 22; 1 Cor.Jur. p. 550, § 67, p. 551 § 68. It is contended further that appellee is not entitled to a release from the whole of his indebtedness for the reason that the total payments made to appellant on this account did not amount to one-third thereof. This contention might have some weight if the settlement had been made solely under the assignment statutes (Rev.St.1925 art. 261 et seq.). But we think it has no application to the facts in this case for the very good reason that the settlement was made under an agreement between the parties and not under the statute. Shear Co. v. Dickey (Tex.Civ.App.) 280 S.W. 841.

We have carefully examined all the other assignments brought forward and find them without merit, and they are overruled.

The judgment in all things is affirmed.