## OLIVER H. HINCKLEY *versus* JOHN W. AREY.

As a general principle the same individual cannot be the agent of both parties; but persons having undertaken certain duties of a peculiar character, such as brokers, are treated as the agents of both parties.

In making a contract for the composition of a debt, the same man cannot be the agent of both parties; but when the composition is agreed upon with the creditor by the agent of the debtor, he can be the agent of the creditor for another and distinct purpose.

The payment of a part only of a sum due, at the time and place of payment, on a promise to cancel the whole claim, discharges the indebtedness to the amount of the sum paid and nothing more, there being no consideration for the promise to discharge. The least consideration, however, in such case is sufficient to make the agreement binding.

ASSUMPSIT on two promissory notes.

The case was submitted on a statement of facts, as it was termed, setting out the testimony of witnesses, and the introduction of depositions, at a trial in the district court; and concluding thus:—

" The foregoing evidence being out, the case by consent was taken from the jury and submitted to the Court on the question, whether the facts proved constituted a good defence in law, each party reserving the right to appeal. The Court to render judgment by nonsuit or default."

The *material facts proved by the evidence* are given in the opinion of the Court.

*Rowe*, for the defendant, said that the facts appearing in the statement show, that here was an agreement to discharge the debt, made on a good consideration and executed. This is a good accord and satisfaction. Mr. Hubbard was first the agent of the debtor in effecting the settlement, and was then the agent of the creditor in holding the money for his use.

Besides, when the plaintiff informed Mr. Hubbard, that he would take the money, which was offered to him, the money became his, and not the money of the defendant. The contract was completed.

The consideration for the promise was sufficient. There was an advantage to the creditor, in obtaining a part of his debt, when otherwise he would have received nothing, and a disadvantage to the debtor, in forbearing to obtain a discharge in bankruptcy in consequence of the agreement to discharge the debt. He cited 16 Johns. R. 86; 22 Wend. 325; 13 Mass. R. 424; 2 Metc. 283; 2 B. & A. 328; 3 Metc. 491; 12 Shepl. 450.

*J. Appleton,* for the plaintiff, contended that here was neither payment nor accord and satisfaction.

To constitute an accord and satisfaction, the agreement must be executed. 19 Wend. 516; 1 Smith's L. Cases, 146; 2 T. R. 24; 17 Johns. 124; 14 Pick. 317.

Mr. Hubbard could not be the agent of both parties. Nor does the evidence warrant the assumption, that he attempted to act as such, or was so considered by either party. 3 Metc. 139.

The opinion of the Court was drawn up by

TENNEY J. — The action is upon two promissory notes of hand; and the defence is accord and satisfaction.

The defendant consulted N. Hubbard, Esq. as counsel relative to filing his petition to become a bankrupt. He was advised first to make an effort to compound with his creditors. He acted on that advice and empowered Mr. Hubbard to make an offer to the plaintiff in furtherance of that object; this was done, and an answer was returned by the plaintiff, in which he writes, " you say that Capt. Arey is going to pay his debts in that easy way without he can get his demands in for nothing, and if Mr. Arey will give me $30, you can settle with me." After several offers on the part of the plaintiff and Mr. Hubbard, by the authority of the defendant, the latter caused to be made the offer to pay $25 in full discharge

of all the plaintiff's claims against him, including the notes in suit. In reply to this offer, the plaintiff sent a message to Mr. Hubbard in these words, " you may settle with Arey for $25." Hubbard thereupon informed the defendant, that his offer was accepted, and having obtained the money of one, whom the defendant had engaged to advance it, he informed the defendant, that it was all settled, and the defendant took no further steps to become a bankrupt. In two or three days after receiving the money, Mr. Hubbard informed the plaintiff " that he had settled with the defendant for him for the $25, and had it to give to him." It being in the evening the plaintiff said he did not wish to go for the demands that night, but would obtain them in two or three days, bring them to him, and take the money.

As a general principle the same individual cannot be the agent of both parties. But persons having undertaken certain duties of a peculiar character, are treated as the agents of both parties; such are brokers. A broker is strictly therefore a middle man, or intermediate negotiator between the parties. Story's Agency, § 28. " But primarily he is deemed merely the agent of the party, by whom he is employed; and he becomes the agent of the other party, only when the bargain or contract is definitively settled as to its terms between the principals." *Ibid.* § 31. In making a contract for the composition of a debt, the same man cannot be the agent of both parties; but when the composition is agreed upon, by the agent of the debtor with the creditor, he can be the agent of the other party for another and a distinct purpose. The acceptance of the offer made to the creditor by the agent of the debtor, may, with no impropriety, be accompanied with a direction to the person, who had acted as the agent in making the contract, to receive for the creditor the sum agreed upon.

Mr. Hubbard was the defendant's agent for the specific purpose of making offers for him and receiving those of the other party; the last offer made for the defendant was satisfactory to the plaintiff and he accepted it, by saying, " you may settle with Arey for $25," and the fair import of the language

Hinckley v. Arey.

authorized Mr. Hubbard to receive the money for him. This interpretation of the plaintiff's meaning is confirmed by the language of Mr Hubbard to him, "that he had settled with the defendant for him, for the $25 and had it to give to him;" the meaning of this could not be misunderstood by the plaintiff, that for the latter he had received the sum agreed upon from the former. It could not have been legitimately considered as having reference to the agreement of settlement, for that had been before concluded. The plaintiff made no objection to what was done, but said he would take the money when he should receive the demands from the person who had the possession of them.

It is well settled, that the payment of a part only of a sum due, at the time and place of payment on a promise to cancel the whole claim, discharges the indebtedness to the amount of the sum paid and nothing more, there being no valid consideration for the promise to discharge. But the least consideration in such a case has been held sufficient to make the agreement binding.

In this case, the plaintiff was informed, that the defendant contemplated taking the benefit of the bankrupt act, which was then in force. If this intention had been carried out, the plaintiff would lose the whole debt, beyond what he might receive as a dividend ; and the latter, judging from his letter, he did not consider as very valuable. To save himself from a greater loss under the law, he agreed upon the terms of composition offered. The defendant, upon the agreement and payment to Hubbard, took no further steps to obtain relief under the bankrupt law.

The payment of the money to Mr. Hubbard was a payment to the plaintiff, and the agreement under which it was paid was upon a good and valid consideration.

*Plaintiff nonsuit, and judgment for defendant.*