# Melroy *v.* Kemmerer, Appellant.

*Accord and satisfaction—Payment—Consideration—Bankruptcy.*

Where a debtor in failing circumstances and contemplating bankruptcy offers his creditor thirty per cent. of the debt as a settlement in full, and the creditor dissuades him from going into bankruptcy, accepts his alternative offer, receives the money, and closes the account, the transaction is an accord and satisfaction, and the creditor cannot thereafter recover the balance.

In such a case the accord is good because by it the creditor gets a sum certain instead of the chances of an uncertain dividend in bankruptcy; while on the other hand the debtor accepts the responsibility of paying a sum certain whether his assets are sufficient or not, and gives up his right to a release of his future assets, and to a discharge from his whole debt without regard to the sufficiency of his present assets.

Argued Feb. 4, 1907.   Appeal, No. 388, Jan. T., 1906, by defendant, from judgment of C. P. Lehigh Co., June T., 1906, No. 31, on verdict for plaintiff in case of Emma E. M. Melroy and Thomas B. Bachman, trading as Melroy & Bachman, v. Charles R. Kemmerer.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.   Reversed.

Assumpsit for goods sold and delivered.   Before TREX-LER, P. J.

At the trial the defendant testified that on December 6, 1902, he had paid the plaintiff thirty per cent. of the amount claimed, and that this was a good accord and satisfaction of the whole claim, because at the time payment was made, plaintiffs had dissuaded him from going into bankruptcy.

The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs for $2,217.32.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiffs.

*H. W. Schantz*, with him *Evan Holben*, for appellant.— It is not disputed that Kemmerer was insolvent when the thirty per cent. agreement was made, and the insolvency of the debtor is sufficient to create an exception to the rule that acceptance of part of an amount due cannot affect the satisfaction of the whole debt: Engbretson v. Seiberling, 122 Iowa, 522 (98 N. W. Repr. 319); Gunn v. McAden, 37 N. Car. 79; Bull v. Bull, 43 Conn. 455.

The defendant upon the agreement and payment by him of the thirty per cent. to the plaintiffs, took no further steps to obtain relief under the bankrupt law.   The agreement under which this payment was made was upon a good and valuable consideration: Hinckley v. Arey, 27 Me. 362; Dawson v. Beall, 68 Ga. 328; Engbretson v. Seiberling, 122 Iowa, 522 (98 N. W. Repr. 319).

If there be any benefit or even legal possibility of benefit to the creditor, it will render the consideration to support the agreement; Hearn v. Kiehl, 38 Pa. 147; Brockley v. Brockley, 122 Pa. 6; Hastings v. Lovejoy, 140 Mass. 261 (2 N. E. Repr.

776); Fowler v. Smith, 153 Pa. 639; Brenner v. Herr, 8 Pa. 106; Hendrick v. Thomas, 106 Pa. 327; Hartman v. Danner, 74 Pa. 36; Fidelity Trust Co. v. Carson, 28 Pa. Superior Ct. 418.

*Claude T. Reno*, for appellee.—In Hartman v. Danner, 74 Pa. 36, it was held that the payment of part of a debt due, without release under seal, although received in full satisfaction, will not discharge the debt. See also Com. v. Cummins, 155 Pa. 30; Rehm v. Frank, 16 Pa. Superior Ct. 175; Mt. Holly Water Co. v. Mt. Holly Springs Boro., 10 Pa. Superior Ct. 162.

Opinion by Mr. Chief Justice Mitchell, May 27, 1907:

It was said in Ebert v. Johns, 206 Pa. 395, that the rule that the acceptance of a smaller sum for a debt presently due though agreed and expressed to be payment in full, is not a good accord and satisfaction, was a deduction of scholastic logic and was always regarded as more logical than just, and hence any circumstance of variation is sufficient to take a case out of the rule. As illustrations of such circumstances of variation, it has been held that payment a day or even an hour before the debt is due, or at a different place, or of a certainty in amount where the amount of the debt is uncertain, or payment of even a part by a third person, or additional security of any kind such as the indorsement of a note by a third person, or payment in chattels or anything other than money, will be a good discharge of the whole by way of accord and satisfaction: Note to Cumber v. Wane, 1 Smith's Lead. Cases, * 357; and see a full collection of the more recent cases in the note to Fuller v. Kemp, 138 N. Y. 231 in 20 Lawyers' Rep. Annotated, 785.

The rule itself is founded on the want of consideration for the agreement. As a part can never be equal to the whole, payment of a part of a debt presently due gives the creditor nothing that he was not entitled to and deprives the debtor of nothing he was not bound to part with before, and therefore there is no consideration. The logic is unimpeachable, but it fails to take into consideration the practical importance of the difference between the right to a thing and the actual possession of it. As said in Ebert v. Johns, 206 Pa. 395, " to a merchant with a note coming due, $5,000 before three o'clock to-day

which will save his commercial credit may well be worth more than $20,000 to-morrow after his note has gone to protest." If the debt is not due till to-morrow the payment of the lesser sum under all the cases will be a good accord and satisfaction, but if the debt was due yesterday but the debtor can only pay part to-day the benefit to the creditor of getting that part now rather than the whole when it is too late, is just as great, and whatever conclusion the scholastic logic and theoretical reasoning may lead to, the importance of the practical result is a matter for the creditor to decide for himself, and having so decided and got the benefit of it, justice and common honesty ought to hold him to his agreement. For this reason, the force of which is universally accepted, the courts so far as they could without sacrifice of the maxim of stare decisis, have brought the law into closer accord with modern business principles.

In the present case the debtor being in failing circumstances and contemplating bankruptcy, offered the plaintiffs thirty per cent of his debt as a settlement in full. The plaintiffs dissuaded him from going into bankruptcy, accepted his alternative offer, received the money, and closed the account. They have now brought this suit for the balance. In the absence of any express decision in this state on this point the learned judge below did not feel at liberty to depart from the general rule. We have no such hesitation. The exact point is whether the debtor's relinquishment of his intention to seek a discharge in bankruptcy and his payment of thirty per cent instead, constitute a sufficient consideration to bind the creditor to the agreement. On that point we have no doubt.

A valuable consideration may consist in some right, interest or benefit to one party, or some loss, detriment or responsibility resulting actually or potentially to the other: Bouvier's Law. Dict. "If there is any advantage to the creditor the law will not weigh the adequacy of the consideration :" Fowler v. Smith, 153 Pa. 639.

The accord in this case was good on both branches. By it the creditors got a sum certain, instead of the chances of an uncertain dividend in bankruptcy; on the other hand, the debtor accepted the responsibility of paying a sum certain whether his assets were sufficient or not, and gave up his right to a re-

lease of his future assets, and to a discharge from his whole debt without regard to the sufficiency of his present assets.

The decisions on this exact point in other states are not numerous, but the general trend is uniform to the result we have reached. In Hinckley v. Arey, 27 Me. 362, it was said by TENNEY, J. : "In this case the plaintiff was informed that the defendant contemplated taking the benefit of the bankrupt act, which was then in force. If this intention had been carried out, the plaintiff would lose the whole debt, beyond what he might receive as a dividend; and the latter, judging from his letter, he did not consider as very valuable. To save himself from a greater loss under the law, he agreed upon the terms of composition offered. The defendant, upon the agreement and payment to Hubbard, took no further steps to obtain relief under the bankrupt law." It was accordingly held that the accord and satisfaction were good. The same ruling was made in Dawson v. Beall, 68 Ga. 328. And in Curtiss v. Martin, 20 Ill. 557 (578); Engbretson v. Seiberling, 122 Iowa, 522 and Rice v. London, etc., Mortgage Co., 70 Minn. 77, the courts went still farther and held the satisfaction valid where the debtor was insolvent or in failing circumstances though there was no express intention to seek a discharge in bankruptcy. In the last named case it was held that an agreement on behalf of the estate of a debtor supposed to be insolvent was good though it turned out in fact that it was solvent. And in Pettigrew Co. v. Harmon, 45 Ark. 290, the principle that part payment by a third person makes the accord valid was held to govern where the third person was one to whom the debtor had assigned his assets for the payment of his debts.

On principle and on authority, therefore, the agreement in the present case was binding, and there being no dispute on the material facts the defendant's sixth point asking for binding instructions should have been affirmed.

Judgment reversed.