## No. 710

### MARKER v. STANDARD MOTOR CAR CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1546. Decided April 8, 1927.

**326. DEBTOR AND CREDITOR**—Agreement between debtor and creditor whereby debtor is to pay amount in full compromise and satisfaction of his share of joint judgment, which agreement has been fully performed by debtor, and contemplated bankruptcy proceedings by debtor abandoned, is full and complete defense against judgment.

Appeal from Common Pleas.
Decree for Plaintiff.

**First Publication of this Opinion.**

FERNEDING, J.

This action was brought by James R. Marker against the Standard Motor Car Company to enjoin the enforcement of a certain judgment as to him heretofore rendered in favor of The Motor Car Company against Marker, Joyce, Howe and the National Trucking Co., upon a certain promissory note signed by the Trucking Company as principal and by Marker, Joyce and Howe as surety. The right to the relief sought by the plaintiff is based upon a compromise and settlement of the judgment as to him.

The agreement was to the effect that the Motor Car Company would not pursue Marker further in the collection of the said judgment; that they would not molest Marker in any property or business which he might be transacting; that the intention was to leave Marker alone now and finally, etc.

In pursuance to this agreement, Marker paid or caused to be paid to the Standard Motor Car Co., the sum of $2,750, which the Standard Motor Car Co. accepted and retained.

The principal question is one of law. It is contended by the Motor Car Co. that the payment of the $2,750 in release of the original judgment of $15,794.42 against all of the parties to the note would be without consideration so far as it rlates to the compromise and release of the entire judgment as to Marker.

As a general proposition a party cannot, by the payment of a smaller sum, secure a release of a liquidated indebtedness in a larger amount. The rule, in our judgment, is subject to the following exceptions which are applicable in the case at bar. The first exception is based on a case where there are joint parties and the release involves one of said joint parties. The right to enforce a compromise release of one debtor in such case is fully sustained by the case of Gardner v. Globe Oil Co., 22 O. C. C. 659, and affirmed in 51 OS. 77 without report. The syllabus of said case is as follows:—

"(1) An agreement to release a joint debtor from a joint debt, the amount of which is liquidated, upon payment by such debtor of his portion of the debt, is void at common law, for want of consideration.

"(2) An agreement to release a joint debtor from a joint debt, the amount of which is liquidated, upon payment by such debtor of his proportion of the debt, there being no other consideration, is valid under Secs. 3162, 3166, Rev. Stat. providing that partners and joint debtors may make separate compositions with their creditors.

"(3) The object of Secs. 3162 and 3166 Rev. Stat. relating to compromise by partners and joint debtors, is to mitigate the rigor of the common law in two respects; First, to change the rule that the discharge of one partner from a partnership liability inured to the benefit of other partners and discharged them. Second, to mitigate the rigor and severity of the common law in requiring that there should be some consideration other than the payment of money."

This is founded on 8079 and 8084 GC. The second class of cases is where a compromise for a lesser amount of liquidated claim is made by the parties in view of the contemplation of bankruptcy proceedings by the debtor who makes the compromise. We are in harmony with the principle decided in the following cases:

ι a. Nichay v. Kemmerer, 11 L. R. A. (U. S.) 1018.

"The satisfaction of a debt on receipt of thirty per cent of its amount is supported by sufficient consideration where the debtor contemplated bankruptcy and the creditor dissuaded him therefrom, and accepted his offer of thirty per cent in satisfaction of the debt, received the amount and closed the account." Nichay v. Kemmerer, 67 Atl. 699:

"The accord in this case was good in both branches. By it, the creditor got a certain sum instead of an uncertain dividend in bankruptcy. On the other hand, the debtor accepted the responsibility of paying a certain sum, whether his assets were sufficient or not, and gave up his right to a release of his future assets and to a discharge from his whole debt in that regard to the sufficiency of his present assets."

**Hinkly v. Ary (Me.) 27 Maine, 326:**

"Plaintiff was informed that defendant contemplated taking the benefit of the bankruptcy act. If this intention had been carried out, the plaintiff would lose the whole debt beyond

what he might receive as a dividend. To save himself from greater loss under the law, he agreed upon the terms of the composition offered. The defendant took no further steps to obtain relief under the bankruptcy law."

Reaching the conclusion therefore that the written agreement between Marker and The Standard Motor Car Company supra, whereby Marker was to pay $2,750 in full compromise and satisfaction of the judgment as to him and which contract has been fully performed by Marker and the contemplated bankruptcy proceedings by Marker in the event that the proposed compromise was not accepted was and is, we think a full and complete defense against the judgment and entitles Marker to the relief prayed for.

Decree accordingly.

(Kunkle and Allread, JJ., concur.)

Attorneys—John P. Maher, Greenville, and M. L. Bigger and Franklin Rubrecht, Columbus, for Marker; Charles Druggan, Columbus, for Motor Car Company.