## Hirsch et ux v. Jaslow et ux.

*Darlington Hoopes*, for plaintiffs.

*Emanuel Weiss*, for defendants.

MAYS, P. J., May 25, 1950.—On October 16, 1939, plaintiffs filed statement of claim in assumpsit, which together with the writ, was served upon defendants. Plaintiffs' attorney of record was Wm. McK. Rutter.

On November 14, 1949, Darlington Hoopes entered his appearance for plaintiffs and filed their præcipe for judgment for want of an affidavit of defense, which was accordingly entered to November term, 1949, J. D., no. 15.

On November 16, 1949, defendants filed petition to open the judgment, alleging that on March 15, 1940, the suit entered to November term, 1939, no. 95, was settled and costs paid.

Plaintiffs, in their answer, deny that there was any settlement made at any time, and aver "that they have never agreed to authorize any settlement thereof for the sum of $275 or any other amount".

Here we have what may be a direct issue of fact. If there was a settlement in the nature of an accord and satisfaction, it would relieve defendants of paying anything in addition to what has already been paid. If, on the contrary, there was no settlement, there would

be further liability. There is testimony to the effect that the collection agency that was given the item to collect by plaintiffs, advised the creditor that the debtors were prepared to go into bankruptcy, and recommended a settlement in order to forestall bankruptcy. Jaslow, one of the defendants, definitely stated that he had contemplated bankruptcy. It is clear that the failure of a debtor, in bad financial circumstances, to go into bankruptcy is ample consideration for a settlement wherein less than the full amount is paid by the debtor. See Melroy v. Kemmerer, 218 Pa. 381.

The evidence discloses that there was a settlement arrived at and the amount agreed upon was paid by the debtors. The only question remaining would be whether the attorney making the settlement had authority or power so to do. As a general rule, an attorney who has a claim for collection may not compromise the claim. The authority so to do need not be an express one. An implied power to compromise may result from its peculiar character and from the circumstances connected with it: Township of North Whitehall v. Keller, 100 Pa. 105. Even if there is no express authority, the assent of the creditor may be inferred from the acts of the principal or charged to him by the acts of his agent if they are within the scope of his authority. See Schroeder & Bon v. Gillespie & Co., 2 Dist. R. 221. In this case a motion to strike off a satisfaction of judgment by the collecting attorney was discharged. A New York attorney forwarded a claim to a Philadelphia lawyer who brought suit and, as in the instant case, reduced it to a judgment. Two years later, the Philadelphia lawyer, having received a proposal from defendant to settle the case for one third, relayed the offer to his New York correspondent, who, as was done here, subsequently notified him to accept it. The settlement was

made and the proceeds forwarded to the New York attorney, who absconded. The rule was discharged.

In the instant case the creditor had placed the claim with a collection agency; they knew it was in the hands of a local attorney and who he was, for they had signed and sworn to the statement of claim. They knew that negotiations were going on for settlement because they had been advised by the agency that the debtors had made an offer of $125 and they had stated they wanted at least $200 for themselves.

We are here concerned basically with the question whether or not there was an accord and satisfaction or, to state it differently, did the debtors, defendants here, relinquish their intention to seek a discharge in bankruptcy, and did payment of the price agreed upon constitute a sufficient consideration to bind the creditor to the agreement? If, at the trial, there is sufficient evidence to support such a contention, and the jury would so find, we should conclude that the accord and satisfaction were good. Mitchell, C. J., in Melroy v. Kemmerer, supra, at p. 384 in discussing accord, said:

"By it the creditors got a sum certain, instead of the chances of an uncertain dividend in bankruptcy; on the other hand, the debtor accepted the responsibility of paying a sum certain whether his assets were sufficient or not, and gave up his right to a release of his future assets, and to a discharge from his whole debt without regard to the sufficiency of his present assets.

"The decisions on this exact point in other states are not numerous, but the general trend is uniform to the result we have reached. In Hinckley v. Arey, 27 Me. 362, it was said by Tenney, J.: 'In this case the plaintiff was informed that the defendant contemplated taking the benefit of the bankrupt act, which was then in force. If his intention had been carried out, the plaintiff would

lose the whole debt, beyond what he might receive as a dividend; and the latter, judging from his letter, he did not consider as very valuable. To save himself from a greater loss under the law, he agreed upon the terms of composition offered. The defendant, upon the agreement and payment to Hubbard, took no further steps to obtain relief under the bankrupt law.' It was accordingly held that the accord and satisfaction were good. The same ruling was made in Dawson v. Beall, 68 Ga. 328."

Here, creditors, plaintiffs, were informed that debtors, defendants, were prepared to go into bankruptcy. Being informed of this, plaintiffs said that they would have no interest in any settlement which will obtain "for us, a sum less than $200." As pointed out, the debtor did pay $275 and the costs.

Keller, P. J., in Rosenblum et al. v. Edwards, 137 Pa. Superior Ct. 33, cites Melroy v. Kemmerer, supra, and at p. 39, said: ". . . and the giving up by an insolvent debtor of his right to be discharged of his debts as a bankrupt furnishes a sufficient legal consideration for the agreement of his creditor, who holds a claim dischargeable in bankruptcy, to accept a percentage of his claim in full satisfaction thereof". See also 108 A. L. R. 656.

The court, being satisfied that the ends of justice can best be served in the present cause by the following order, it is hereby ordered:

The rule is made absolute and the judgment is opened and defendants, Paul Jaslow and Frances Jaslow, are let into a defense. The pleadings shall consist of defendants' petition to open judgment and plaintiffs' answer to petition to open judgment.

Twenty days allowed to the parties to formally state the issues or questions that will be presented to the jury.