## Duryea *v.* Long et ux., Appellants.

512

Argued December 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert W. Lentz,* with him *G. Clinton Fogwell, Jr.,* and *Reilly and Fogwell,* for appellants.

*Nicholas H. Larzelere,* with him *John O. Platt, Jr.,* for appellees.

OPINION BY GUNTHER, J., March 24, 1960:

This appeal is from the refusal of the court below to open judgment entered by confession. The petition to open was filed by Melvin C. Long, one of the appellants, and upon depositions and argument thereon, the petition and the rule issued thereon were dismissed.

On November 15, 1957, Justin G. Duryea and Catharina W. Duryea, appellees, purchased certain premises situate in Tredyffrin Township, Chester County, from Elf Estates, Inc. On the same date, appellants and appellees entered into a month to month lease for the premises at a monthly rental of $350.00.

Appellants paid only one month's rent although in possession during all the time in controversy, and in July, 1958, appellees entered an amicable action in ejectment and for damages in the sum of $3,850.00. This rent claim was never disputed by appellants.

On October 28, 1958, appellees entered into an agreement of sale for the premises with one Gordon Miller. The sale price agreed upon was $55,000.00 and the sum of $2,750.00 was deposited as hand money. This agreement provided that time was of the essence in the closing of the transaction. The agreement also provided that appellees would agree to accept the sum of $2,000.00 as full settlement of the rent due and owing by appellants to appellees through December 26, 1958. This sum, however, was included in the total consideration of $55,000.00.

Three extensions of the settlement date were made, each for a period of a month, and with each extension, appellants paid appellees $350.00 for rent. However, settlement for the sale of the property was never consummated and the balance due on the purchase price was never paid. Appellees proceeded to collect the entire amount of the original judgment confessed to be due at which time appellants moved to open the judgment, alleging that the sales agreement of October 28, 1958 between appellees and Miller constituted an accord and satisfaction of the rent claim then due.

The sole question raised on this appeal is whether the sales agreement entered into between Miller and appellees operated as an accord and satisfaction insofar as the liability of appellants are concerned for rent in the amount of $3,850.00. Appellants contend that when appellees obtained a new consideration from Miller for the purchase of the property and agreed to limit the claim for rent to $2,000.00, which was included in the total sale price, this agreement operated in their favor and extinguished their liability for rent.

Paragraph 12 of the sales agreement provided as follows: "It is understood and agreed that $2000 of the total purchase price hereof, $55,000, represents settlement of sellers' rent claim of $3850." It becomes important to ascertain the intention of the parties at the time the sales agreement, containing the quoted provision, was signed. If it was their intention to satisfy the rent claim due from appellants upon the mere signing of an agreement of sale, the contention here raised might have merit.

Section 419 of the Restatement of the Law of Contracts provides: "Where a contract is made for the satisfaction of a pre-existing contractual duty, or duty to make compensation, the interpretation is assumed in case of doubt, if the pre-existing duty is an undisputed duty either to make compensation or to pay a liquidated sum of money, that only performance of the subsequent contract shall discharge the pre-existing duty; but if the pre-existing duty is of another kind, that the subsequent contract shall immediately discharge the pre-existing duty, and be substituted for it." The wording of paragraph 12 in the sales agreement is very specific and to the effect that $2,000.00 of the total consideration represents settlement of the rent claim. This presupposes *payment* of the total purchase price before any consideration of settlement may be inferred. It is reasonable to assume that where the debt is liquidated and is overdue, the creditor will not enter into a bargain for the immediate cancellation of his claim without obtaining payment and not a promise of it.

The record discloses no dispute as to the amount of rent due prior to the execution of the sales agreement. Appellees denied the existence of any dispute as to the amount due, and appellants admitted the amount owing except as such a claim might have been altered in the intervening sales agreement. The existence of a bona fide dispute is essential to the estab-

lishment of the defense of accord and satisfaction and the burden of proving such rests upon the party alleging it. *Suits to Use v. Aetna C. & S. Co.*, 106 Pa. Superior Ct. 231, 161 A. 592; *Hayden v. Coddington*, 169 Pa. Superior Ct. 174, 82 A. 2d 285. In *Law v. Mackie*, 373 Pa. 212, 95 A. 2d 656, the Supreme Court held that there must be an honest dispute for the purpose of an accord and satisfaction. Accord and satisfaction may serve as an element of defense where an actual difference of opinion exists between the parties. The validity of a claim must be alleged by one party and denied by the other. But the disclaimer must be *bona fide* and based upon real faith that the demand is not meritorious.

The agreement arrived at in the accord must be executed by actual payment or performance to constitute a satisfaction and not by mere promise of future performance. *Meaker Galvanizing Co. v. Charles E. McInnes & Co., Inc.*, 272 Pa. 561, 116 A. 400; *Konqueror B. & L. Assn. v. G. R. Kinney Co., Inc.*, 315 Pa. 318, 172 A. 719.

We do not agree with appellants' contention that appellees agreed to an immediate cancellation of the debt merely in consideration of Miller's agreement to purchase the property in question. What the appellees agreed to was to take a reduced sum upon the payment of the stated consideration for the sale of the property. The payment failed and the entire agreement was cancelled. As stated by President Judge GAWTHROP, the mere acceptance of the third party's obligation is collateral security and not a discharge of the original debt.

The order is affirmed.