## Fontana v. Malesky

*Sidney H. Weiss*, for plaintiff.

*MacElree, Platt, Marrone & Harvey*, for defendant.

KURTZ, J., August 14, 1963.—Plaintiff brought suit upon a series of 20 promissory notes, the first of which was dated May 10, 1958, and the remainder on the tenth day of each succeeding month thereafter. Seventeen of the notes were numbered, bearing numbers 10 through 26. Sixteen of those bearing numbers were in the amount of $165, while the seventeenth was for $101.16. The remaining three bearing no numbers were each drawn in the amount of $200. All notes were drawn to the order of Keystone Hosiery Mills, that being the trade name under which plaintiff conducted his business. Each was due 30 days after its date. It was alleged that there was a balance of $72.21 due on note no. 10, and that all of the rest were due at their face amounts. The amended complaint merely supplied the trade name under which plaintiff conducted his business.

Defendant's answer denied the allegation that the balance was due and owing and averred that the "notes in question were paid by a compromise settlement entered into with Keystone Hosiery Mills". Under the heading of "New Matter" defendant asserted "the affirmative defense of payment and release of all of the notes upon which Keystone Hosiery Mill has brought action". At the trial defendant moved an

amendment of his new matter which was allowed, and which asserted "the affirmative defense of accord and satisfaction, based upon an agreement offered by defendant on October 21, 1958, and accepted by the plaintiff on November 12, 1958; full payment of the consideration for said accord and satisfaction being delivered on December 31, 1958, and accepted by plaintiff."

In moving the amendment, counsel stated that the defense contained in the amendment was in explanation of that already set up in his original pleading.

Plaintiff's reply to the new matter denied that plaintiff was ever paid in full or executed a valid or binding release; denied that any effective compromise agreement was in existence and averred that any agreement made with respect to a compromise was breached by defendant in that: (1) Defendant did not solicit or acquire the consent of certain large creditors; (2) the consent of all creditors of Bella Company, that being the name under which defendant did business, was made an express condition of the compromise settlement, payment or release; and (3) the assets of Bella Company were substantially misrepresented to plaintiff who relied upon the misrepresentation to his detriment.

Since the amendment to the new matter was asserted as being only in explanation of the original defense which defendant presented, no further reply to the amendment was required.

As we have noted, the execution and delivery of the notes were admitted. Plaintiff utterly failed to prove the conditions of the alleged compromise agreement as set up in his reply to new matter. It then becomes necessary to determine whether the affirmative defense has been sustained. In support of it, it was established that under date of October 21, 1958, defendant's attorney in Tennessee wrote a letter to

plaintiff in Montgomery County, Pa., in which it was stated that the Bella Company then had admitted debts amounting to some $67,000, plus a contingent liability of $17,680, and that there was not any chance of his paying all of this debt. The letter further stated that the attorney who was then writing the letter had just completed the settlement of a claim asserted by defendant against a third party and that from the funds obtained in that settlement it was desired "to settle the claims outstanding against" defendant. In prorating the funds available for settlement, each creditor would receive 25 percent of his claim. The letter offered a 25 percent payment to plaintiff "in full settlement". The letter further stated that defendant's larger creditors had indicated an acceptance of the proposal. Plaintiff was asked to indicate whether or not he would accept the offer so made. It was added "that the Bella Company is completely defunct and that there are no other assets of any kind".

Plaintiff's reply to that letter was contained in a letter from his attorney dated November 12, 1958. It said, inter alia:

"If twenty-five per cent is the most that can be gleaned for Mr. Gus Fontana, I suppose we will have to be satisfied. . . . If twenty-five per cent is the best that can be obtained, you are authorized to go ahead but we should appreciate receiving your payment quickly—otherwise, it would appear to have no effect upon the financial situation in which Mr. Fontana presently finds himself. Your understanding and cooperation will be deeply appreciated. Please advise."

Thereafter, under date of December 31, 1958, a check drawn by defendant's attorney pursuant to authority conferred by defendant was delivered to Keystone Hosiery in the amount of $1,082.79. On the face of that check, the following language appeared:

"In full settlement of all claims against N. A. Male-

sky d/b/a The Bella Company, through and including the date of this draft."

This check was accepted by plaintiff.

After all the testimony had been presented, the trial judge called counsel to side bar. At that time he expressed the opinion that a verdict for plaintiff would have to be directed because defendant had failed to prove all of the elements which go to make up his affirmative defense. During this conference the court cited Duryea v. Long, 191 Pa. Superior Ct. 511 (1960), in which it was held that there must be an honest dispute between the parties; the validity of the claim must be alleged by one party and denied by the other if the defense of accord and satisfaction is to be sustained. This element of the defense was not made to appear in the record as it then stood.

Counsel was then asked if they wanted to make summations to the jury in the light of what had been said at the side bar conference, at which time they indicated that they did not. Accordingly, a verdict was then directed for plaintiff in the amount of the balance due upon the notes.

Defendant has now moved for a new trial, asserting that the trial judge erred by directing a verdict for the plaintiff. He cites Melroy v. Kemmerer, 218 Pa. 381 (1907), in support of his position, pointing out that the honest dispute requirement referred to in Duryea, supra, is not always necessary since its only function is to furnish consideration for the agreement to accept a lesser sum in payment of a greater one; hence, where some other form of consideration may be found that will suffice. In this case, as in Melroy, says defendant, consideration may be found in the acceptance of the smaller sum by plaintiff to avoid the consequences of defendant's bankruptcy.

It will be noted that defendant did not assert this position at the time the trial judge announced his

views during the side bar conference. However, in view of the contention now made, we must examine the record to find out if it contains evidence which will support that position.

We do not believe that defendant has brought himself within the operation of the rule. Melroy holds that where a debtor in failing circumstances and contemplating bankruptcy offers his creditor a percentage of his debt as a settlement in full, and the creditor dissuades him from going into bankruptcy, accepts the alternative offer, receives the money and closes the account, the transaction is an accord and satisfaction, and the creditor cannot thereafter recover the balance. The proofs now before us fall far short of those which existed in that case. This defendant has not said he was contemplating bankruptcy; neither has this plaintiff attempted to dissuade him from pursuing that course of action. The statement of defendant's attorney that the Bella Company was defunct and without assets is not a statement of intention to resort to bankruptcy.

However, defendant also contends that payment of the lesser sum before the entire debt is due will supply the necessary consideration to make the transaction an accord and satisfaction. Here the entire debt, i.e., the aggregate of the notes outstanding, was not yet due when the payment of the lesser sum was accepted. In his letter accepting defendant's offer, plaintiff's counsel pointed out that his client was in dire straits at that time "needing the money very urgently in order to keep his head above water . . ." He further pointed out that "we should appreciate receiving our payment quickly—otherwise, it would appear to have no effect upon the financial situation in which Mr. Fontana presently finds himself."

Plaintiff himself testified that he took the money offered because he needed it. On the other side of the coin, we must point out that the check in payment

purported to be given in settlement only of all claims through and including the date it carried. In amount, it corresponded approximately to the total of the notes then due.

If, then, the situation presented is one in which the payment of December 31, 1958, was in fact payment of a debt not yet due, an accord and satisfaction would result: Melroy v. Kemmerer, supra, at page 384. If it was the payment of debts due as of the date of payment, as the notation on the face of the check would indicate, then, of course, defendant has not sustained the defense he asserts. Which situation was here presented was a question for the jury's determination. The trial judge, by directing a verdict, deprived defendant of his right to have the jury pass upon that question. For that reason we believe error was committed, even though defendant did not make his position clear at the time of the trial. Accordingly, a new trial must be directed. It is so ordered.