625 A.2d 71

**Marlene SEDLITSKY**

v.

**James D. PARESO, M.D., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1993.

Filed May 19, 1993.

John W. Jordan, IV, Pittsburgh, for appellant.

Harry S. Cohen, Pittsburgh, for appellee.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment entered on April 29, 1992 in favor of appellee, Marlene Sedlitsky. Appellant, James D. Pareso, MD, presents two questions on appeal:

I. Has the federal law concerning the reporting of payment of medical malpractice judgments rendered the suggested "Irrelevant Considerations" charge factually incorrect and prejudicial to defendants in medical malpractice actions?

II. Were the trial court's instructions regarding the requirement that other possible causes of plaintiff's injury be sufficiently eliminated misleading and not adequate to clarify the issue?

Appellant's Brief at 3. For the reasons that follow, we affirm.

Appellee commenced a negligence action against appellant seeking damages for vocal cord paralysis resulting from appellant's negligent performance of a thyroidectomy. A trial held in October, 1988, resulted in a judgment in favor of appellant. Following the denial of post-trial motions, this court reversed and remanded for a new trial, holding that the trial court should have instructed the jury on the doctrine of *res ipsa loquitur*. *See Sedlitsky v. Pareso*, 400 Pa.Super. 1, 582 A.2d 1314 (1990), *appeal denied*, 527 Pa. 673, 594 A.2d 659 (1991). At the conclusion of the second trial, commencing on September 10, 1991, the jury returned a verdict in favor of appellee. Appellant filed post-trial motions which were denied. This timely appeal followed.

Appellant first contends that the trial court erred in instructing the jury with the "irrelevant considerations" charge. Specifically, he asserts that a recent federal law concerning the reporting of payment of medical malpractice judgments has rendered the charge factually incorrect and prejudicial. We disagree.

The standard "irrelevant considerations" charge which the court presented to the jury provides as follows:

A medical malpractice case, such as this, is a civil action for damages and nothing more. The sole issue is whether the plaintiff has suffered injuries as a result of the defendant's negligence, and is thus entitled to monetary compensation for those injuries. This case does not involve punishment of the defendant, or even criticism of his professional abilities, beyond the facts of this case. This case does not involve the

defendant's reputation, his medical practice, or his rights as a licensed physician. Therefore, no thought should be given to these irrelevant considerations in reaching your verdict in this case.

N.T. 9/10/91 at 28.

A recently enacted provision of the federal Health Care Quality Improvement Act, 42 U.S.C.A. § 11101 *et seq.*, requires the disclosure to the Secretary of Health and Human Services of certain information by entities making a payment in settlement or satisfaction of a medical malpractice claim.[1] Appellant contends that while the "irrelevant considerations" instruction may have once been warranted, "under the new law it falsely trivializes the importance of the case to the defendant physician." Appellant's Brief at 10.

The Pennsylvania Supreme Court recently addressed a similar issue in *Levine v. Rosen,* 532 Pa. 512, 616 A.2d 623 (1992). In *Levine,* the Court was faced with the question of whether a jury should be instructed regarding the new federal statute. Although the present question of whether the enactment of the new federal statute makes the "irrelevant considerations" instruction improper was not before the Court, the Court's holding and reasoning are instructive in the instant case. The Court stated that

> [t]he purpose of the ["irrelevant considerations"] instruction is to explain to the jurors that they may not consider the effect, if any, that a verdict may have on the defendant's

---

1. 42 U.S.C.A. § 11131(b) provides:
   (b) Information to be reported
   The information to be reported under subsection (a) of this section includes—
   (1) the name of any physician or licensed health care practitioner for whose benefit the payment is made,
   (2) the amount of the payment,
   (3) the name (if known) of any hospital with which the physician or practitioner is affiliated or associated,
   (4) a description of the acts or omissions and injuries upon which the action or claim was based, and
   (5) such other information as the Secretary determines is required for appropriate interpretation of information reported under this section.
   *Id.*

reputation, practice, or license. It simply does not matter whether the defendant's reputation, practice, or license is or is not affected. The only issue properly before the jury is whether the defendant was negligent. The defendant may be found negligent whether the verdict has no effect on his reputation, practice, or license, or if the verdict has a drastic impact.

A malpractice claim questions whether the defendant's professional conduct fell below the proper standard of care. A defendant who is negligent is no less liable for the malpractice claim if he is required to comply with the federal reporting requirement than if no requirement existed. The imposition of the reporting requirement is absolutely irrelevant to a jury's consideration of whether a defendant has committed malpractice.

*Levine*, 532 Pa. at 518, 616 A.2d at 627.

We recognize that the new federal statute may cause an unfavorable judgment in a medical malpractice action to negatively impact upon a physician's reputation or practice. Nevertheless, that result is not in conflict with the purpose of the "irrelevant considerations" instruction and does not call into question the validity of the instruction. Rather, our Supreme Court decided in *Levine* that the potential harm to the physician caused by compliance with the federal statute is among the factors a jury hearing a medical malpractice case is not to consider. Accordingly, the trial court did not err in reciting the "irrelevant considerations" charge.

■ Appellant next argues that the trial court's instruction regarding the requirement that other possible causes of appellee's injury be sufficiently eliminated was misleading and did not adequately clarify the issue. Specifically, he refers to the following portion of the jury charge dealing with the elements of *res ipsa loquitur*:[2]

Two, that other responsible causes, such as cancer of the laryngeal nerve or excessive bleeding during the operation,

2. The Restatement (Second) of Torts § 328 D provides:
   § 328 D. *Res Ipsa Loquitur*
   (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

had been sufficiently eliminated by the evidence, but it is not necessary that the plaintiff exclude all other possible causes for her injuries.

N.T. 9/11/91 at 18.

In light of trial testimony offered by appellant's expert witness, appellant asserts that an unavoidable stretch injury was another possible responsible cause that the jury should have considered. Specifically, appellant refers to the testimony of his expert indicating that there may have been a temporary, unnoticeable adhesion of the laryngeal nerve to the back of the thyroid gland, making it difficult to move the gland without stretching the nerve. Appellant thus claims that the trial court erred in refusing to include the possibility of this condition in the above instruction to the jury. We disagree.

"The primary purpose of a court's charge to the jury is to apprise the members of the jury, in an understandable manner, of the legal principles by which they must decide the case." *Hawthorne v. Dravo Corp.*, 352 Pa.Super. 359, 368, 508 A.2d 298, 303, *appeal denied*, 514 Pa. 617, 521 A.2d 932 (1987). "A motion for a new trial based upon the sufficiency of the jury charge will only be granted when the court determines that the charge in its entirety and against the background of the evidence was erroneous and might have prejudiced appellant." *Beechwood Commons Condominium Ass'n v. Beechwood Commons Associates, Ltd.*, 397 Pa.Super. 217, 227, 580 A.2d 1, 6 (1990) (citation omitted). Erroneous jury instructions may be the basis for a new trial if it is shown that the instructions were fundamentally in error and might have been responsible for the verdict. *Ott v. Buehler Lumber Co.*, 373 Pa.Super. 515, 520, 541 A.2d 1143, 1146 (1988); *Hawthorne*, 352 Pa.Super. at 368, 508 A.2d at 303.

Read in its entirety, we find no error in the trial court's instruction to the jury. The court did not limit the possible

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

responsible causes to the two mentioned, but rather by using the expression "such as" included them merely as examples. The jury was made aware that another possible responsible cause was an unavoidable stretch injury. In summarizing the testimony of appellant's expert witness, Dr. Charles Watson, the court stated that:

Dr. Charles Watson, a professor of surgery at the University of Pittsburgh School of Medicine, who is board certified in surgery and specializes in endocrine surgery, including thyroidectomies, testified that he had examined the records and found, in his opinion, that Dr. Parson's procedure was standard and that the operation was performed flawlessly; that the laryngeal nerve was identified and preserved throughout the operation; that there was no excessive bleeding throughout the operation; that there was no excessive bleeding or other complications; the vocal cords were moving properly after the operation.

He says that vocal cord paralysis is a recognized and unavoidable result in a few cases, even when the surgeon exercises all possible care. In his own experience, he says five, six or seven of his patients have suffered such an unavoidable stretch of the nerve and he estimated he has done over 1,000 of these operations.

*In this case, he testified that in his opinion, the most reasonable explanation of the plaintiff's paralysis was an unavoidable stretching of the nerve; that is, a trauma to the laryngeal nerve, when the thyroid lobe was lifted from the front, because the nerve adhered temporarily to the back of the thyroid gland, but then the nerve returned in its proper anatomical position in the groove between the trachea and the thyroid gland. He says it would appear to the surgeon that the nerve was intact and whole. He says a surgeon, in this case, could not be aware that the nerve was stretched because he could not see the temporary adherence of the nerve, or part of it, to the back of the thyroid lobe when he first lifted the lobe.*

N.T. 9/11/91 at 12–13 (emphasis added).

Furthermore, the court subsequently stated that "[a]lthough the defendant is not required to offer an explanation for the

occurrence of an accident, if he does so, it is for you to weigh that explanation in relation to all the evidence to determine whether the negligence by the defendant may be reasonably inferred." N.T. 9/11/91 at 19. Thus, the court implicitly instructed the jury to factor Dr. Watson's testimony in its determination of whether an inference of negligence pursuant to the doctrine of *res ipsa loquitur* was appropriate.

Moreover, after the jury retired to begin its deliberations, the jury requested the court to restate the three elements required for an application of *res ipsa loquitur*. In response to the jury's inquiry, the court called in the jury and recited the three points of law as they are set forth in Restatement (Second) of Torts § 328 D without including the two examples of "other possible causes" to which appellant objects.[3] Accordingly, the jury was left with an appropriate instruction regarding the elimination of other possible causes.

For all the foregoing reasons, we affirm the judgment entered in favor of appellee.

Judgment affirmed.

3. The court stated:

You may infer that the harm suffered by the plaintiff was caused by the negligence of the defendant, if you find from the evidence the following three factors to have been present. One, that the accident here involved, that is, a paralysis of the vocal cord during the course of an operation to remove part of the thyroid gland, is of a kind which ordinarily does not occur in the absence of negligence. Two, that other responsible causes have been sufficiently eliminated by the evidence, but it is not necessary that the plaintiff exclude all other possible causes for her injuries. Evidence that it is more likely than not that the plaintiff's injuries were caused by the defendant's negligence is sufficient to permit the inference. In this connection, if you find that the defendant had exclusive control of the instrumentality here involved, you may determine that such other causes have been sufficiently eliminated. Three, that the negligence claimed is within the scope of the defendant's duty to the plaintiff.

I say you may infer plaintiff's harm was caused by defendant's negligence if you find that the plaintiff has proved all three factors by a preponderance of the evidence. Of course, you may infer plaintiff's harm was not caused by defendant's negligence if you find that plaintiff has not proved all three factors by a preponderance of the evidence.

N.T. 9/11/91 at 37.